**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**James Newton GILMORE,**
**Defendant-Appellant.**

**No. 46767.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Jan. 3, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied Feb. 17, 1984.

Application to Transfer Denied
March 20, 1984.

Ronald E. Pedigo, Farmington, for defendant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Appellant was convicted in a court-tried case of five counts of receiving stolen property, § 570.080 RSMo.1978, and sentenced to five concurrent terms of 15 years imprisonment as a persistent offender, § 558.016 RSMo.1978. He was also convicted of possession of burglar tools, § 569.180 RSMo. 1978, and sentenced to five years imprisonment. He now appeals. The judgment is affirmed.

Appellant raises five points on appeal. He asserts the trial court erred: (1) in denying his motion to suppress the evidence seized under the authority of a search warrant because the affidavits and application upon which it was based were insufficient; (2) in refusing to order the state to divulge the identity of the informant upon whose information the search warrant affidavit was based; (3) in denying his motion for a verdict of acquittal because there was insufficient evidence to show that he was in possession of stolen property; (4) in finding appellant guilty of

possession of burglar tools and (5) in rendering an oral verdict that appellant claims was insufficient as a matter of law.

On October 7, 1981, a search warrant was issued for the residence of Donna and James Gilmore. The warrant was based on an application of a deputy sheriff and an affidavit of another deputy sheriff, both of which stated that there was reason to believe that certain items of stolen property, burglary tools and controlled substances were on the Gilmore premises.

Police officers entered the residence of appellant and his wife pursuant to the search warrant and seized the following items of stolen property: a battery charger, an arc welder, paint brushes, a drill, an oven, a shotgun, pocket watch, three back braces, a telephone, a cuckoo clock and coins. Several of those items had been specifically detailed on the application for the search warrant. Police also found an attache case containing a bolt cutter, a keyhole saw, needle-nosed pliers, a couple of chisels, three large screwdrivers, a punch and prybar, another prybar with a nail puller, hacksaw blades and pliers. Appellant told the police that the tools were his.

Additional facts will be related in the discussion of appellant's allegations of error.

Appellant first alleges that the evidence seized under the search warrant should have been suppressed because the affidavit and application upon which the warrant was based were insufficient to support a finding of probable cause. The point is denied.

Under § 542.276 RSMo.1978, a peace officer or prosecuting attorney may apply for a search warrant, provided the application meets certain requirements [1] and is supple-

---

1. Under § 542.276.2, the application shall:
   (1) Be in writing;
   (2) State the time and date of the making of the application;
   (3) Identify the property which is to be searched for and seized, in sufficient detail and particularity that the officer executing the warrant can readily ascertain it;
   (4) Identify the person, place, or thing which is to be searched, in sufficient detail and particularity that the officer executing the warrant can readily ascertain whom or what he is to search;

mented by written affidavits.[2] "If it appears from the application and any supporting affidavits that there is probable cause to believe that property subject to seizure is on the person or at the place or in the thing described, a search warrant shall immediately be issued." Section 542.276.4 RSMo.1978.

Probable cause is to be determined by looking at the "totality of the circumstances." *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983). "[T]he traditional standard for review of an issuing magistrate's probable cause determination has been that so long as the magistrate had a 'substantial basis for ... conclud[ing]' that a search would uncover the evidence of wrongdoing, the Fourth Amendment requires no more.... The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 2331–32. Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause. *Id.* at 2330.

The application in the case under review gave a detailed listing, by item and location, of the stolen property believed to be at the Gilmore residence. All items had been observed there. The application states that informant had, on several occasions, provided the police with information about crimes of which they were unaware or information about crimes not generally available to the public. The application states further that all information received

in the past from this informant was reliable and accurate. The affidavit also states that the affiant had used the informant previously and found his information to be accurate.

Both the application and the affidavit also attested to the reputation of James Gilmore as a burglar. When considering the "totality of the circumstances," it is clear that the issuing magistrate had a substantial basis for concluding that probable cause existed. *See Illinois v. Gates, supra* at 2332.

Appellant also argues, under his first point, that § 542.276.3 RSMo.1978 requires that more than one affidavit be filed to support an application for a search warrant. However, Missouri courts have recognized that in some situations, even a single affidavit may provide a sufficient basis for the issuance of a search warrant. *See State v. Clark,* 552 S.W.2d 256, 260 (Mo.App.1977) in which the court of appeals held:

"These requirements [of § 542.276] do not preclude the situation in which a single document, properly verified, whether it be denominated an 'Application' or 'Affidavit,' fulfills the requirements of an application and states adequate grounds for a finding of probable cause for issuance of the warrant."

In *Clark,* a document titled "Affidavit for Search Warrant" was held to be sufficient to establish probable cause even though no application as such was filed.

In the case under review, a detailed application supported by an affidavit was filed. The three-page "Application for Search Warrant" set forth in detail the stolen property believed to be present at the place to be searched, a complete de-

---

(5) State facts sufficient to show probable cause of the issuance of a search warrant including with respect to any weapon, tool, device, or substance alleged to have been used as a means for committing a felony, the nature of such felony and the date and place thereof;

(6) Be verified by the oath or affirmation of the applicant;

(7) Be filed in the proper court.

**2.** Section 542.276.3 provides:

The application shall be supplemented by written affidavits verified by oath or affirmation. Such affidavits shall be considered in determining whether there is probable cause for the issuance of a search warrant and in filling out any deficiencies in the description of the person, place, or thing to be searched or of the property to be seized. Oral testimony shall not be considered.

scription of the place to be searched in addition to a recitation of the reliability of the informant and the reputation of appellant James Gilmore as a burglar and theft suspect. It was subscribed and sworn to by a deputy sheriff of Jefferson County.

The affidavit, subscribed and sworn to by a deputy sheriff of Ste. Genevieve County, recited that a reliable informant had told of the presence of stolen property at appellant's residence and further recited that appellant had been convicted of retention of stolen property and had a reputation as a burglar.

■ The two documents sufficiently established probable cause to issue the search warrant. Appellant's first point is denied.

The appellant, in his second point, contends that the state should have been required to divulge the name of the confidential informant upon whose information the search warrant was issued. He argues that the refusal of the state to do so deprived him of his right to challenge the truthfulness of the affidavit supporting the search warrant. The point is without merit.

■ As a general rule, communications made by informers to government officials are privileged. *State v. Yates,* 442 S.W.2d 21, 25 (Mo.1969). "Admittedly, disclosure of the name of a confidential informant is required in instances where such disclosure is relevant to the defense of the accused, essential to a fair disposition of the case, necessary to avoid the risk of false testimony or vital to secure useful testimony.... Whether a defendant can have a fair trial 'without compelling disclosure of an informant's identity is a matter addressed to the sound discretion of the trial court.' ... Our courts have distinguished between participant informants, that is, those who are 'active in introducing police officers to the suspect or in setting up the criminal act and simple informants who merely provided information. The likelihood that fundamental fairness will require disclosure of the identity of the latter group is substan-

tially less.' " *State v. Simpson,* 611 S.W.2d 556, 559[7, 8] (Mo.App.1981); *see also State v. Hanson,* 587 S.W.2d 895, 903[14, 15] (Mo.App.1979).

■ Appellant argues that without the identity of the informant, he cannot challenge the truthfulness of the underlying affidavit supporting the search warrant. Although challenges to the truthfulness of such affidavits are permitted under special circumstances, the deliberate falsity whose impeachment is permitted is only that of the affiant, not of any nongovernmental informant. *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978). Thus, the disclosure sought here cannot be held to be relevant to the defense of the accused, essential to a fair disposition of the case, necessary to avoid the risk of false testimony or vital to secure useful testimony. *State v. Simpson, supra.* "In the present case, the informant's only role was providing advance information, which was followed by police investigation and fact determination leading to the arrest. His testimony or cross-examination would not have affected the fundamental issue of defendant's guilt or innocence." *State v. McCann,* 543 S.W.2d 504, 507[4, 5] (Mo.App.1976). So it is here. The point is denied.

For his third point, appellant charges trial court error in the denial of his motion for directed verdict of acquittal at the close of the state's evidence. Specifically, he claims that the state failed to meet its burden of proof on the receiving stolen property charges because there was no showing that appellant had possession or ownership of the property at issue. Appellant's wife testified the property was hers.

■ After the trial court denied appellant's motion, he put on evidence in his own case. By so doing, appellant waived any objection to the overruling of that motion. *See State v. Davis,* 611 S.W.2d 384, 386[2, 3] (Mo.App.1981); *State v. Ritterbach,* 627 S.W.2d 894, 896[1] (Mo.App.

1982). The point need not be considered further.[3]

For his fourth point, appellant contends there was insufficient evidence to support a conviction for possession of burglar tools. He maintains there was no showing that the tools seized were to be used, or were designed, for a burglarious purpose.

Section 569.180.1 RSMo.1978 reads:

A person commits the crime of possession of burglar's tools if he possesses any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, with a purpose to use or knowledge that some person has the purpose of using the same in making an unlawful forcible entry into a building or inhabitable structure or a room thereof.

■ A conviction for the possession of burglars tools requires proof of a general intent to use the instruments for burglary. "That proof is normally by evidence of a reputation for burglary ... The intent for use of tools, therefore, does not relate to a particular time or place, but only to an unlawful purpose ... That is to say, there is no need to prove a burglary in order to prove the unlawful possession of burglars tools." *State v. Lewis*, 599 S.W.2d 94, 98[10] (Mo.App.1980).

There was sufficient evidence to support a finding that the tools were to be used and were designed for a burglarious purpose when the evidence and all reasonable inferences are viewed in the light most favorable to the state, as this court is required to do, *State v. Williams*, 600 S.W.2d 120, 121[1] (Mo.App.1980).

■ Appellant admitted to ownership of the tools seized. Three police officers testified that appellant had a reputation as a burglar. Four police officers stated that,

in their opinion, the tools were burglar tools. Although appellant's counsel on cross-examination brought out the fact that the tools could have been used for construction work, appellant's wife testified that he was a part-time mechanic, not a construction worker. Appellant offered no evidence demonstrating another use. The tools were not those kept in a normal household. Most could logically be used to break into a structure. Coupled with appellant's reputation as a burglar, there was sufficient evidence to find that they were burglar tools and that appellant's possession violated § 569.180 RSMo.1978.

■ In appellant's final point he charges that the verdict rendered against him was in improper form, insufficient as a matter of law, and therefore a nullity because it did not refer to the indictment or information nor did it contain any of the elements of the charges against appellant.

In ruling on this point, it is important to note that this was a bench-tried case. Appellant waived the right to a jury trial. An oral conviction was rendered against appellant and later recorded on the docket sheet. Thus much of the case law cited by appellant, which deals with *jury* verdicts, is inapplicable. However, the question of what constitutes a sufficient conviction in a judge-tried criminal case need not be decided here. Appellant failed to preserve the error by either objecting to the form of the conviction when rendered or in his motion for new trial. Rule 29.11(e)(2)(B); *see also State v. Harris*, 620 S.W.2d 349, 354[7] (Mo. banc 1981); *State v. Shumate*, 516 S.W.2d 297, 302–303 (Mo.App.1974). This court's review of the oral conviction reveals no manifest injustice under Rule 30.20. The point is denied.

The judgment is affirmed.

DOWD, C.J., and CRIST, J., concur.

---

**3.** This court has nevertheless reviewed the record for plain error in the denial of appellant's motion for acquittal. The state adequately proved constructive possession of the stolen items by the facts that the goods were found in appellant's residence and the wife told appellant she had purchased the items. The requisite intent was furnished through evidence of all three types of proof admissible under § 570.080.2 RSMo.1978. Constructive possession, coupled with the requisite intent, suffices to sustain a conviction for receiving stolen property. *State v. Simone*, 416 S.W.2d 96, 101[16–18] (Mo.1967). No plain error occurred.