STATE of Missouri, Respondent,

v.

Raymond GLASS, Appellant.

No. 48532.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 18, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 16, 1985.

Case Transferred to Supreme Court
Oct. 16, 1985.

Case Retransferred to Court of Appeals,
Jan. 23, 1986.

Original Opinion Reinstated
Jan. 29, 1986.

Debra Buie Arnold, St. Louis, for appellant.

William Webster, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The issue here is whether defendant by stealing and looting the victim's car he was also guilty of possessing burglar tools under § 569.180.1 RSMo.

Pursuant to guilty verdicts the trial court sentenced defendant to ten years in prison for stealing and to a concurrent two year term for possessing burglar tools.

When police officers saw defendant he fled in the victim's car, later throwing out stolen goods. When he stopped, police found in the escape car other stolen goods and also two screw drivers, a vice grip, gloves and a clothes hanger. No testimony showed these items were connected with the stolen car or its contents.

Here the state relies on *State v. Gilmore*, 665 S.W.2d 25 [l.c. 27,30] (Mo.App. 1984). It is factually dissimilar. There, the many seized tools were intricate and obviously "burglar tools". And the evidence there met the test of "proof of a general intent to use the instruments for burglary". Here, the recited evidence did not rise to that level.

As said, defendant was charged under § 569.180.1 entitled Possession of Burglar Tools. That statute declares a person guilty if he "... possesses any tool, instrument or other article adopted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises with a purpose to use ... the same in making an unlawful forcible entry into a building or inhabitable structure or room thereof."

The evidence here did not show the seized tools were designed or commonly used for forcible entry. And, critically absent was any evidence defendant had forcibly entered "a building or inhabitable structure."

We reverse the judgment finding defendant guilty of possessing burglar tools.

CRIST, J., concurs.

DOWD, P.J., dissents.

DOWD, Presiding Judge, dissenting.

The majority finds that the tools in defendant's possession at the time of his arrest are not designed or commonly used for forcible entry, and intent to enter "a building or inhabitable structure" is not established by the evidence. I disagree.

The defendant was first seen by the police as he was attempting to break into an auto in the wharf area using a wire hanger. When the officers turned their car around in order to approach defendant, he sped away in his own vehicle. During the ensuing chase, defendant threw a suitcase and a lady's purse out of his car. The items were later identified as property stolen from an out-of-state auto earlier that evening.

The following tools were found in defendant's possession at the time of his apprehension: two screw drivers, a vise grip, gloves, and a wire hanger with loops. In order to create an offense under § 569.180 RSMo 1979, it should appear only that the tools are capable of being used to break and enter, and it is immaterial that the tools have other lawful purposes. *State v. Edmonds*, 462 S.W.2d 782, 785 (Mo.1971)[1] (Adhesive tape found to be within definition of burglary tools). At a minimum, the screw drivers, gloves, and vise grip should be found to be within the definition of burglary tools because of their capability of being used to forcibly enter a premises.

Furthermore, a conviction for the possession of burglars tools requires in addition only proof of a general intent to use the instruments for forcible entry into a building or inhabitable structure. The intent need not relate to a particular time or place, but only to an unlawful purpose. *State v. Gilmore*, 665 S.W.2d 25, 30 (Mo.

App.1984); *State v. Lewis*, 599 S.W.2d 94, 98 (Mo.App.1980). Section 569.010(2)(c) defines "inhabitable structure" as one which is used for overnight accommodations of persons. Thus, a camper would come within the plain meaning of § 569.010(2)(c) because it is used for "overnight accommodation." The defendant has a prior conviction for breaking into a camper. In this appeal, the evidence and all reasonable inferences must be viewed in the light most favorable to the state. *State v. Gilmore*, 665 S.W.2d 25, 30 (Mo.App.1984). Viewed in light most favorable to the state, evidence of a prior conviction for breaking into a camper together with other evidence of criminal character is enough to substantiate a finding of intent to use the tools in question to forcible enter an inhabitable structure in the future. Accordingly, the conviction should be affirmed.

---

1. Although a prior law was in effect at the time this case was decided, § 560.115 RSMo 1969 (Repealed), it is cited only for the function of burglar tools prohibited which has remained

unchanged by the new statute. § 569.180 RSMo 1979 merely narrowed the types of structures intended to be covered by the law, not the function of the tools prohibited.