**James Newton GILMORE,**
**Movant-Appellant,**

**v.**

**STATE of Missouri,**
**Defendant-Respondent.**

No. 50473.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 1, 1986.

Motion for Rehearing and/or Transfer
Denied April 29, 1986.

Application to Transfer Denied
June 17, 1986.

Lenzie L. Leftridge, Flat River, for movant-appellant.

John Munson Morris, Stephen David Hawke, Asst. Attys. Gen., Jefferson City, Herbert A. Kasten, Ste. Genevieve, for defendant-respondent.

KAROHL, Presiding Judge.

Movant under Rule 27.26, James Newton Gilmore, appeals summary judgment in favor of respondent, State of Missouri. The trial court explained its judgment in findings of fact and conclusions of law.

The court found that movant had been charged with five counts of receiving stolen property, § 570.080 RSMo 1978, and one count of possessing burglar's tools, § 569.180 RSMo 1978. After waiving a jury, movant was tried and found guilty of all offenses. He was sentenced to fifteen years imprisonment on each receiving count to be served concurrently with each other, and five years for possession of burglary tools for a total imprisonment of twenty years.

Movant filed pro se a Rule 27.26 motion alleging two grounds in support of his motion for post-conviction relief: (1) that conviction on five counts for retention on one occasion of property stolen from five separate victims on five separate occasions creates an unconstitutional splitting of a single offense, thereby subjecting movant to double jeopardy; and (2) movant's counsel was ineffective in failing to raise this issue at or prior to trial.

The trial court found that the receiving counts were five separate crimes, so it became unnecessary for it to address movant's second ground because movant's counsel could not have been ineffective in failing to raise an issue without legal merit. The court noted that even if movant was placed in jeopardy twice or more for one offense, he would serve the same time in jail because appropriate relief would be to vacate four receiving counts with the conviction and sentence on the fifth remaining unaffected. The trial court relied only on *State ex rel. Westfall v. Campbell,* 637 S.W.2d 94 (Mo.App.1982) in interpreting § 570.080 RSMo 1978, and found, "[t]he statute clearly defines as a single offense retention of property of one individual stolen on one occasion with the purpose to deprive that owner of his interest therein." The trial court compared this case to one involving vehicular manslaughter in which a single collision causing multiple deaths will support multiple charges.

Movant appeals from the judgment denying relief on the same grounds presented to the trial court: (1) he was charged and convicted with five crimes when he committed but one in violation of the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and (2) as a result of the failure of trial counsel to raise the double jeopardy issue, movant was denied effective assistance of counsel and due process of law in violation of the Sixth and Fourteenth Amendments of the United States Constitution, and in violation of the constitution of the State of Missouri.

Prior to reviewing the issues presented some observations are relevant. First, movant contends only that trial counsel in the criminal case was ineffective for failing to raise the constitutional double jeopardy question, not that movant's right to a fair trial was hindered by ineffective assistance on any other ground. Accordingly, the trial court properly considered the double jeopardy issue as primary. The issue of double jeopardy was pleaded and presented to the trial court and has been preserved on appeal, although some mention is made by both movant and the state about dismissal

by the trial court without an evidentiary hearing. The motion was not dismissed in the legal sense. The questions presented to the trial court and this court are purely matters of law, no evidentiary hearing was required, and no error occurred when the trial court considered the matter on respondent's motion for summary judgment.

 Second, we have noted that the court made "findings of fact, conclusions of law and order of court." Ordinarily, findings of fact and conclusions of law are not necessary or proper in granting a motion for summary judgment. *Fauvergue v. Garrett,* 597 S.W.2d 252, 253–254 (Mo.App. 1980). Although the trial court styled its judgment in that form it did not decide facts or draw conclusions of law from facts. It merely recited the facts relating to the criminal charge and the events of guilt and sentence, and construed § 570.-080 RSMo 1978 on the issue of double jeopardy. Summary judgment is a determination as a matter of law that there is no fact issue to be tried. *Id.* at 253. Both of the issues presented to the trial court focused on a single question of law, whether defendant was charged and convicted of five crimes when only one crime was committed. The trial court granted summary judgment not on the basis of findings of facts or conclusions of law, but as a matter of statutory construction applied to agreed facts.

Summary judgment is authorized where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 74.04. We review that determination where a case involves agreed facts and the issue is one of statutory construction as a question of law, not fact, and where the lower court rules on a question of law it is entitled to deference on appeal. *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 350 (Mo.App. 1981). Deference to a judgment of the trial court does not obtain where the law has been erroneously declared or applied. *Id.* at 350.

Background facts may be found in the decision on movant's direct appeal. *State v. Gilmore,* 665 S.W.2d 25 (Mo.App.1984). The agreed facts relevant to this motion are that movant gained constructive possession of all of the stolen goods in one transaction but the goods were stolen at different times from five different owners. Movant was charged under § 570.080.1 RSMo 1978 which provides:

A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing it has been stolen, or believing that it has been stolen.

The trial court agreed with the state's reading of the statute. The state argues that the statute defines a single offense as the retaining of one individual's property stolen on one occasion with the purpose of depriving that owner of his interest therein. Because the property of five different owners was received at one time, the state asserts movant committed five crimes. In contrast, movant reads this statute to proscribe as one crime a single act of receiving in one transaction stolen property regardless of who originally owned the property received.

There are no cases precisely on point in Missouri. *State ex rel Westfall v. Campbell,* 637 S.W.2d 94 (Mo.App.1982), relied on by the trial court, involved a defendant who received an entire stolen coin collection. Later he disposed of a part and retained a part. The state attempted to prosecute under this statute for three crimes of receiving, retaining and disposing of the same stolen property. This court held that such prosecution would subject the defendant to double jeopardy because he had committed but one offense in three ways, and that defendant could properly be charged with only one count of receiving stolen property. *Westfall,* 637 S.W.2d at 97. In the present case, the state has attempted to split the single transaction of "receiving, retaining or transferring" stolen property into separate counts according to the number of original owners. In *Westfall,* we did not permit the state to prosecute these

component parts as separate crimes when there was but one act of "receiving." We reach the same result in the present case for the following reasons.

First, we look at the statute itself. If a criminal statute is vague or the meaning doubtful it must be construed against the state. *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343 (Mo.App.1981). There are three elements of this crime. The actor must: (1) receive stolen property; (2) with a purpose to deprive the owner of his interest; and (3) know or believe the property has been stolen. The statute requires the actor to receive with a purpose and a knowledge or belief. The antecedent of "the owner" is "depriving," and not "receiving stolen property." The gravamen of the offense is the act of receiving, which the statute proscribes if done with purpose and knowledge or belief. "Purpose" and "knowledge or belief" describe the actor's intent with regard to a particular transaction of receiving. These words relate to the type of particular act and the nature of the property, not to original ownership. If the statute had described the crime as depriving *one* owner, instead of "*the* owner," a different interpretation might have resulted.

Second, our holding in *Westfall* indicates that § 570.080.1 RSMo 1978 proscribes one act which is not divisible into parts. In *Westfall,* the defendant received all of the stolen property, retained part and disposed of part. We here hold that a single act of receiving in one transaction is but one crime, and is not divisible into separate crimes because the stolen property belonged to different owners. In summary, one transaction of receiving stolen property is one crime under § 570.080 RSMo 1978.

This is an issue of first impression in this state.[1] However, courts of other states with similar statutes on the crime of receiving have reached the same conclusion. Ohio holds that a defendant cannot be convicted of four separate crimes of receiving

stolen property when he received the separately owned items at the same time, from the same source and in the same transaction. *State v. Sanders,* 392 N.E.2d 1297, 1300 and 1301 (Oh.App.1978). Utah law requires a single prosecution for a "single criminal episode," §§ 76–1–403 and 402(2) U.C.A. 1953, and the Utah Supreme Court so applied its statute to a defendant who received guns in one transaction from the same source although originally stolen months apart from different owners. *State v. Bair,* 671 P.2d 203 (Utah 1983). "If the evidence ... shows that the stolen articles were all received on one occasion, ... the receipt is considered a single offense and must be prosecuted as one crime." *Bair,* 671 P.2d at 206.

Our decision on the first ground of error dictates that we reverse and remand on four counts of receiving. It also indicates that trial counsel on the criminal charge was ineffective for failure to raise the double jeopardy issue. Failure to raise this issue constitutes a failure to perform a duty and such failure prejudiced movant's defense. *State v. Rone,* 603 S.W.2d 575 (Mo. banc 1980).

Although we reverse and remand with instructions that the movant's convictions on four of the five counts of receiving stolen property be vacated, movant remains properly convicted of one count of receiving stolen property and one count of possession of burglary tools. Movant will serve the same prison term because the sentences of fifteen years and five years consecutive on these counts are unaffected. This does not, however, render violation of constitutional double jeopardy protections harmless. Among other things, multiple sentences may impair a prisoner's chances of parole, *United States v. Machibroda,* 338 F.2d 947, 949 (C.A. 6, 1964), and a defendant should not be required to bear additional unlawful convictions merely because their absence will not change his time served. Cf. *Carafas v. LaValle,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554

---

1. *See* Am.Jur.2d Receiving Stolen Property § 14

(1973).

(1968); *Application of Kiser,* 419 F.2d 1134 n. 1 (C.A.8, 1969).

We reverse and remand to the trial court with directions that it vacate four of movant's five convictions for receiving stolen property under § 570.080.1 RSMo 1978. The conviction and sentence of fifteen years on one charge of receiving and the conviction and five year consecutive sentence on the charge of possession of burglary tools are not challenged by this appeal and are unaffected by this decision.

We reverse and remand for entry of judgment according to this opinion.

SIMON and GAERTNER, JJ., concur.