**Larry Gene GREEN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14545.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 17, 1986.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Nov. 9, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Michael Lyons, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Larry Gene Green was charged by information with eleven counts of receiving stolen property of the value of over $150, § 570.080,[1] and one count of possession of a short-barrel rifle, § 571.020(4). All of the alleged crimes are class C felonies.

Each of the receiving stolen property counts recited that Green, on July 2, 1982, with the purpose of depriving the owner, kept such property of an aggregate value of at least $150, knowing or believing that it had been stolen. The property consisted of guns, jewelry, silverware, and other items that had been stolen from different owners at different times.

In accordance with a plea bargain agreement, and on the advice of his trial counsel, Green entered guilty pleas to four of the receiving stolen property charges and the weapons charge, and was sentenced to four years' imprisonment on each, with the sentences to run consecutively for a total of 20 years. The remaining charges against Green were then dismissed by the state.

After incarceration, Green filed a motion to vacate his convictions and ensuing sentences pursuant to Rule 27.26. His pro se motion, as amended by counsel, alleged that the trial court erred, as a matter of law, in accepting his guilty pleas and sentencing him on the four charges of receiving stolen property charges, because the state had charged him with receiving all of the stolen property listed in the eleven counts in the information, at the same time, in which event he could only be charged with, and convicted of, one charge of receiving stolen property, and that multiple charges and sentences under such circumstances constituted double jeopardy, in violation of his constitutional rights. Green also alleged that since his trial attorney did not advise him that he could be found guilty of only one act of receiving stolen property, that he was deprived of ineffective assistance of counsel, and, therefore, his pleas of guilty to the four receiving

stolen property charges were not knowingly and voluntarily made.

The state filed a motion to dismiss Green's 27.26 motion. The motion court, without evidentiary hearing, made findings of fact, conclusions of law, and entered an order sustaining the state's motion to dismiss.

Green then appealed. His appellate counsel requested, and received, four successive extensions of time to file his appellate brief, claiming the press of other business as his reason for failure to timely file the brief. At the time the fourth extension was granted, this court advised that the deadline for filing the brief was August 12, 1986. The brief was not filed by that date, and no reason, valid or otherwise, was presented to the court prior to that date as to why the brief was not filed. While we may be justified in dismissing Green's appeal because his lawyer violated Supreme Court Rules by failure to timely file the brief, Rule 84.08(b), we decline to do so because of the relative severity of the cumulative sentences, and a hesitancy on our part to penalize an individual because of the dereliction of duty on the part of his counsel.

We review all claims raised in the motion to vacate, which consist of the double jeopardy and ineffective assistance of counsel issues. In such review, we are duty bound to affirm the findings, conclusions, and order of dismissal of the trial court unless they are clearly erroneous. Rule 27.26(j).

In its findings, the motion court observed that Green did not dispute, in his motion, that the property was stolen from a number of owners on different dates, and that all of it was in Green's possession on July 2, 1982, when it was discovered by law enforcement officers in a search pursuant to a warrant. The court concluded that since this was so, there were no disputed facts and, therefore, by reason of Rule 27.26(e), an evidentiary hearing was not required. We agree.

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

Since there are no disputed facts, the only remaining question is whether the motion court's conclusion that no double jeopardy attached to the multiple receiving stolen property pleas was clearly erroneous as a matter of law. We are of the opinion that it was.

In order to be guilty of receiving stolen property, one must receive the property with the purpose of depriving the owner of his interest therein, knowing or believing that the property had been stolen. § 570.-080.1.

While receiving different articles of stolen property, at different times on separate and unconnected occasions, constitutes separate crimes, even where all of the property is afterward found in the possession of the defendant at the same time and place, 66 Am.Jur.2d, *Receiving Stolen Property*, 293 at p. 305, the information charging Green indicates that he received *all* of the stolen property at one time, which was July 2, 1982. The act of receiving stolen property under such circumstance is a single act that is not divisible into separate crimes merely because the property was stolen at different times from different people. *State ex rel. Westfall v. Campell*, 637 S.W.2d 94, 97 (Mo.App.1982). This being so, Green committed only one crime of receiving stolen property, not four. *Gilmore v. State*, 710 S.W.2d 355, 358 (Mo.App.1986); *State v. Sanders*, 59 Ohio App.2d 187, 392 N.E.2d 1297, 1300–1301 (1978); *State v. Bair*, 671 P.2d 203, 206 (Utah 1983).

The motion court's opinion to the contrary on this issue was based on its interpretation of the holdings of *State v. Mills*, 671 S.W.2d 437 (Mo.App.1984), *State v. Gilmore*, 665 S.W.2d 25 (Mo.App.1984), and *State v. Horsey*, 676 S.W.2d 847 (Mo.App. 1984). *State v. Mills* involved multiple robbery charges in a case where Mills and an accomplice robbed five victims by taking property from their persons through fear of force. The appellate court said that since a separate robbery occurred when valuables were removed from each victim, there was no double jeopardy. Here, we

have only one act of receiving stolen property on the date listed in the information.

In *State v. Gilmore*, involving multiple convictions for receiving stolen property, the double jeopardy issue was not raised, with the principal contention raised on appeal being the alleged validity of a search of Gilmore's home pursuant to a warrant. However, Gilmore later raised the double jeopardy issue in a 27.26 proceeding, which appeal resulted in the holding of *Gilmore v. State, supra*, which we adopt as the law of Missouri on this issue.

The double jeopardy issue was not raised in *State v. Horsey*, so that decision cannot be authority for the motion court's reasoning.

It is elemental that if we reverse and remand on three of the receiving counts for the reasons stated, failure of trial counsel to raise the double jeopardy defense constituted failure to perform a duty, and such failure was prejudicial to Green's defense.

Based on the reasoning of *Gilmore v. State*, supra, 710 S.W.2d at 355, we reverse and remand to the trial court with directions to vacate three of Green's four convictions for receiving stolen property. The convictions and consecutive sentences of four years each on the remaining receiving charge and the weapons charge are not challenged on appeal and are not affected by this decision.

CROW, C.J., and TITUS, J., concur.