**Howard Lee PERRYMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39675.**

Missouri Court of Appeals,
Western District.

June 7, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 2, 1988.

Application to Transfer Denied
Sept. 13, 1988.

William J. Stewart, Bolivar, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and GAITAN, JJ.

SHANGLER, Presiding Judge.

The defendant Perryman was charged by information with four counts of receiving stolen property [§ 570.080 RSMo 1978]. He was advised by counsel that conviction on four counts could incur sentences with a total of sixty years. The defendant bargained for the dismissal of two counts and agreed to a plea of guilty as to the other two counts for two concurrent ten-year sentences. The plea was entered on the agreement and the sentences were imposed. Perryman thereafter moved to withdraw the guilty plea, but his motion was denied. He then brought a Rule 27.26 motion to set aside the convictions entered on the plea on the contention that ineffective assistance of counsel rendered the plea involuntary. The ground of contention was that, since the stolen property described in the information was received at one time, under developed principles of double jeopardy, he committed only one offense. He contended also that had counsel advised him that he was exposed to only one conviction—and hence a maximum penalty of fifteen years imprisonment—he would have submitted the trial of the offense to a jury.

The trial court received evidence on the postconviction motion and determined that the movant failed to establish ineffective assistance of counsel, and that the plea of guilty on Counts I and II was voluntary. The information as brought had also charged on each of the four counts that Perryman was a dangerous offender. The postconviction remedy court found that the judge at the guilty plea hearing failed to make a requisite finding of the fact of persistent offender on Count I, and so vacated conviction and sentence under Count

I. That postconviction court also vacated the conviction and sentence under Count II on the ground of double jeopardy. The postconviction court then found the fact of persistent offender as to Count I and imposed sentence anew for a term of ten years' imprisonment on that count.[1]

On this appeal, Perryman claims that the postconviction court erred in the denial of the ineffective assistance contention and in the determination that the plea of guilty was voluntary. He claims also that the court erred in reimposition of sentence on Count I after vacation of that sentence.

The evidence shows that Perryman was charged in four counts with violation of § 570.080, RSMo 1978. That section provides that a person commits the crime of receiving stolen property "if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen." Count I charges that on or about November 27, 1984, defendant *disposed of* a Kenworth Conventional Tractor, with the purpose to deprive the owner of such property. Count II charges that on or ab ut November 27, 1984, defendant *received or kept* a New Holland Hay Rake, with the purpose to deprive the owner of such property. Count III charges that on or about November 27, 1984, defendant *received or kept* a cattle squeeze chute, with the purpose to deprive the owner of such property. Count IV charges that on or about November 27, 1984, defendant *received or kept* a 1967 Ford 5,000 Diesel Tractor with the purpose to deprive the owner of such property. The plea bargain, as noted, resulted in a plea of guilty to Count I and Count II for a dismissal of Count III and Count IV, and two concurrent ten-year sentences.

Trial counsel for Perryman, Ty Gaither, testified at the Rule 27.26 hearing and described the attorney-client communications which preceded the guilty plea. According to Gaither, he told Perryman he could receive up to sixty years in prison upon convictions on the four counts if tried by a jury. Gaither explained that Perryman had been charged with four counts of receiving stolen property, and that each count carried a maximum penalty of fifteen years because appellant was a persistent offender. Gaither also testified that, because of this possibility of a sixty-year sentence, he advised Perryman to accept the two concurrent ten-year sentences offered by the plea bargain agreement.

Gaither further testified that after appellant pleaded guilty, he discovered that his advice to appellant was a misinterpretation of the law. According to Gaither, his advice to appellant misread the 1982 case of *State ex rel. Westfall v. Campbell*, 637 S.W.2d 94 (Mo.App.1982), which, according to Gaither's interpretation, allowed the state to prosecute the defendant on four separate counts of receiving stolen property. Subsequent case law, said Gaither, indicated that three of the four counts would

1. The judgment entered on the postconviction motion presents an oddity, if not a conundrum. The ground the motion asserts for relief is that counsel was ineffective for failure to advise that under the extant law the information—under principles of double jeopardy—charged only one offense, not four, so that only one conviction and punishment could result. The proof of that ground would entitle the defendant to have the plea of guilty vacated under the allegations of the postconviction motion. The judgment determines, however, that conviction on all four counts under the information constituted multiple punishments for a single offense, and hence infringed the constitutional provision against double jeopardy—but determines also that trial counsel was not ineffective for failure to have advised the defendant of that effect of the law. The court found, accordingly, that the plea of guilty was voluntary. The judgment nevertheless sets aside the conviction on Count II on the ground of double jeopardy [presumably, that the conviction constitutes a double punishment for a single offense]—and so implicitly determines that counsel was ineffective.

If the multiple convictions under a plea of guilty under the several counts of the information subjected the accused Perryman to double jeopardy and the plea was induced by the faulty advice of counsel—then, the remedy [as the decisions we cite hold] is for the postconviction court to find the performance of counsel ineffective, the plea of guilty involuntary, and the convictions unlawful. The postconviction court could not in principle, however, find that counsel was effective, the plea voluntary—but nevertheless set aside the convictions as in violation of the double jeopardy rule.

probably have been dropped because of double jeopardy implications, and therefore, if appellant elected to proceed with a trial, he actually faced a maximum sentence of only fifteen years.

Gaither stated that, had he advised the client of the double jeopardy problems, and of a potential maximum sentence of only fifteen years, Perryman would have elected to go to trial. Perryman at the Rule 27.26 hearing confirmed that, had Gaither advised him of the double jeopardy issue and the concomitant fifteen-year maximum sentence, he would have elected to go to trial.

At the conclusion of the evidence, the hearing court ruled that appellant had failed to establish that trial attorney Gaither had rendered ineffective assistance of counsel. The court also ruled that the guilty plea was knowing and voluntary.

Perryman contends that the court erred in finding that trial counsel Gaither was not ineffective, and hence the plea of guilty was voluntary. He argues—as we note—that assistance of counsel was made ineffective by the misinformed advice as to maximum sentences imposable in the event of trial and conviction on the four separate counts of receiving stolen property—advice uninformed by the status of the law on double jeopardy. He argues that had he been properly apprised of the law, he would have elected to go to trial—and hence be subjected to a maximum of one conviction and one sentence of not more than fifteen years.

■ In order to effectively challenge conviction under a plea bargain, a defendant must meet the requirements of *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). First, he must show that representation of counsel fell below an objective standard of reasonableness. Second, that he was prejudiced by that performance. To meet this second requirement, defendant must demonstrate a reasonable probability that, were it not for the errors of counsel, he would not have pleaded guilty, and he would have insisted on a trial. Id.; *Kline v. State*, 704 S.W.2d 721 (Mo.App.1986).

With this two-part test in mind, we first look at whether representation of counsel fell below an objective standard of reasonableness because of the alleged failure to recognize a double jeopardy issue inherent in the multiple counts of receiving stolen property charged against defendant. At the time of the plea bargain negotiations, the governing case on the double jeopardy issue was *State ex rel. Westfall v. Campbell*, supra. In that case, a defendant received, in *one transaction*, an entire coin collection stolen from one owner. Later, he disposed of a part of the collection, and he retained a part of it. The state attempted to prosecute, under § 570.080.1 RSMo 1978, for three separate crimes of *receiving*, *retaining*, and *disposing* of the same stolen property. The court held that such prosecution would subject the defendant to double jeopardy because he had committed but one offense in three ways, and that defendant could properly be charged with only one count of receiving stolen property.

This interpretation of *Westfall* was an issue in two subsequent Missouri cases, *Gilmore v. State*, 710 S.W.2d 355 (Mo.App. 1986), and *Green v. State*, 721 S.W.2d 197 (Mo.App.1986). Both of these cases, which were decided after appellant's plea bargain was consummated, explicitly hold that a defendant cannot be charged with multiple counts of receiving stolen property simply because the property was stolen from different owners at different times. On the contrary, according to *Gilmore* and *Green*, as long as the defendant *receives* all of the property *at one time*, he can only be charged with one count of receiving stolen property, regardless of how many separate burglaries were committed to accumulate the property that was brought to him.

Furthermore, both the *Gilmore* and *Green* courts ruled that the counsel of defendant was ineffective for failure to raise the double jeopardy issue where the state sought to prosecute the defendant on multiple counts of receiving stolen property, and where all of the property was *received* by the defendant *at one time*, regardless of whether the property was originally stolen from different owners at different times. Thus, two separate Missouri deci-

sions have concluded that there is ineffective assistance of counsel where, based on the same existing case law as relied on by Gaither in this case, the defense attorney failed to raise a double jeopardy issue.

Therefore, if the facts were to clearly show that appellant received all of the stolen property at one time, *Gilmore* and *Green* would compel us to find that appellant was denied effective assistance of counsel. And, as to the second aspect of the *Hill v. Lockhart* test, it is certainly inescapable that—as both Perryman and Gaither testified at the hearing—Perryman would not have accepted two ten-year concurrent sentences in a plea bargain if he had known that the maximum sentence he risked at trial was only fifteen years. Thus, there would be sufficient showing that Gaither's misinformation was prejudicial to appellant.

The record to us, however, does not show that Perryman received the several articles of stolen property—which are the subject of the four counts of the information—in one transaction. The information, to be sure, alleges that each item of property was received or disposed of by Perryman on or about November 27, 1984. That is not equivalent to a charge that all of the property was received or disposed of by Perryman at the same time—in one transaction. Nor does any evidence before the guilty plea court or the postconviction court bear to prove that essential fact aspect of the operation of the double jeopardy principle—and hence the ineffective assistance of counsel, and the involuntariness of the plea of guilty that want of effective assistance induced. The argument of the defendant assumes, as does that component of the postconviction judgment which vacates the sentence imposed on Count II under the plea of guilty, that the information describes a single criminal transaction. The argument and judgment assume also that proof of the several counts of the information rests on a single transaction. They assume a fact which, however plausible, was not proven. Accordingly, we reverse and remand the judgment as unsupported by the evidence, and hence,

clearly erroneous. The remand will allow the presentation of further evidence, if any there be, to prove the fact essential to the operation of the double jeopardy principles under the law.

On remand, it would follow, should the court find as fact that the conduct charged against Perryman in four counts described one transaction of receiving stolen property, that the assistance of trial counsel was ineffective, the plea of guilty which it induced was involuntary, and the sentences imposed on both Count I and Count II must be vacated. It would follow also that Perryman would be entitled, as he requests, to withdraw the plea of guilty, consonant with *Gilmore* and *Green*.

Perryman contends also that the postconviction court was without jurisdiction to resentence on Count I after having determined that the plea bargain court failed to make adequate findings on the persistent offender status under which the concurrent ten-year sentence was imposed under the plea of guilty. Perryman contends there was no evidence that he had been convicted of any prior felony. The postconviction proceedings contain the acknowledgment of the defendant Perryman of the commission and conviction of two prior felonies. That suffices as proof of persistent offender status. *Shepherd v. State*, 612 S.W.2d 384 (Mo.App.1981).

The judgment is reversed and remanded to allow further evidence on the factual basis of the ineffective assistance of counsel [double jeopardy claim] Perryman asserts for postconviction relief.

The judgment vacating the conviction and sentence on Count II is set aside, and the cause is remanded for further proceedings and judgment.

All concur.