**Larry E. WILES, Plaintiff–Appellant,**

**v.**

**STATE of Missouri, Defendant–Respondent.**

**No. 17053.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 8, 1991.

J. Gregory Mermelstein, Columbia, for plaintiff-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Presiding Judge.

This is an appeal from an order dismissing appellant's amended motion for post-conviction relief without an evidentiary hearing. For the reasons that follow, the order of dismissal is reversed and the case is remanded for evidentiary hearing.

On December 5, 1989, appellant pleaded guilty to ten felony offenses. The pleas of guilty were entered pursuant to a negotiated plea agreement. On January 5, 1990, he was sentenced to multiple terms of imprisonment. The multiple sentences were ordered to run concurrently. Following delivery of appellant to the Department of Corrections to serve the sentences imposed, appellant filed a pro se motion for post-conviction relief, pursuant to Rule 24.035, whereby he sought to set aside the judgments and sentences that were imposed as a result of eight of his ten guilty pleas. Counsel was appointed and, thereafter, an amended motion filed. Rule 24.035(e) and (f). Appellant requested a hearing. Rule 24.035(g). The motion court denied that request and, subsequently, filed written findings of fact and conclusions of law dismissing the Rule 24.035 motion.

Appellant presents two points on appeal. Having reviewed those points, this court concludes that the first point on appeal is dispositive of the case. The discussion that follows is limited to that point.

Appellant contends that his counsel in the criminal case failed to correctly advise him regarding the maximum penalty that could be imposed for certain offenses to which he pleaded guilty; that he relied upon the erroneous advice in pleading guilty; and, therefore, that the pleas of guilty were not voluntarily and knowingly given. He contends that the allegations in his motion are not refuted by the transcript of the guilty plea proceeding and that the motion court, therefore, erred in denying his Rule 24.035 motion without an evidentiary hearing.

Appellant pleaded guilty, in Counts I through VIII, to eight separate offenses of selling a Schedule II controlled substance (amphetamine). The offenses were committed between October 19, 1988, and December 7, 1988. Appellant has asserted, and the record on appeal reflects, that he was advised during the course of his guilty plea hearing that the maximum punishment for each of those eight counts was life imprisonment. However, due to the enactment of § 195.211.2, RSMo Supp.1989, that became effective August 28, 1989, the maximum punishment for each offense was imprisonment for thirty years. § 558.016.-6(2), RSMo 1986.[1]

■ Prior to when § 195.211, RSMo Supp.1989, became effective, the maximum punishment for selling a Schedule II controlled substance was life imprisonment. § 195.200.1(4), RSMo 1986 (repealed August 28, 1989). That was the punishment in effect at the time the offenses were committed. However, since the offenses were pending when § 195.211, RSMo Supp. 1989, became effective, the punishment prescribed by the new statute applied to those offenses. When the penalty for a

1. Appellant was charged, with respect to each of the offenses included in Counts I through VIII, as a persistent offender. "A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." § 558.016.3, RSMo 1986.

pending offense "is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." § 1.160, RSMo 1986; *see State v. Freeman,* 791 S.W.2d 471, 473 (Mo.App. 1990).[2]

■ Appellant's convictions were the result of negotiated pleas of guilty. As such he is limited as to a basis for challenging the competency or effectiveness of the attorney who represented him in the criminal case.

> First, he must show that representation of counsel fell below an objective standard of reasonableness. Second, that he was prejudiced by that performance. To meet this second requirement, defendant must demonstrate a reasonable probability that, were it not for the errors of counsel, he would not have pleaded guilty, and he would have insisted on a trial.

*Perryman v. State,* 755 S.W.2d 598, 601 (Mo.App.1988), *citing Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), and *Kline v. State,* 704 S.W.2d 721 (Mo.App.1986). Or, stated otherwise:

> By pleading guilty, movant waived all errors except those which affect the voluntariness of the pleas or the understanding with which the pleas were given. Any claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made.

*Jenkins v. State,* 788 S.W.2d 536, 537 (Mo. App.1990).

In *Perryman v. State, supra,* at 602, the western district of this court recognized that a misunderstanding about the maximum punishment at the time a guilty plea is entered can render the guilty plea involuntary. Although the facts are significantly different from those in this case, the western district, in *Perryman,* concluded that the showing that counsel misinformed a defendant in a criminal case about the maximum punishment that could be imposed could compel a finding that the defendant was denied effective assistance of counsel. *Id.*

■ Rule 24.02(b)(1) requires that before a plea of guilty may be accepted, the defendant in a criminal case must be informed as to "[t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." In a guilty plea proceeding, the trial court has the responsibility of determining that the defendant understands the nature of the offense and the range of punishment. The trial court in appellant's criminal case undertook to satisfy these requirements by having the assistant prosecuting attorney recite the range of punishment for each of the offenses charged. The assistant prosecuting attorney stated an incorrect punishment for the offenses charged in Counts I through VIII. He stated that the maximum punishment for each of those offenses was life imprisonment rather than imprisonment for a term of thirty years. The attorney who represented appellant in the criminal case did not correct the misstatement. The trial jduge did not correct the misstatement.

In denying appellant's Rule 24.035 motion, the motion court held that appellant's complaint that he was deprived of effective assistance of counsel because his trial counsel "failed to inform [appellant] of new sentencing guidelines for controlled substance violations which would have lowered his sentence maximum" was without merit "because the sentence which was given to the [appellant] was within the proper range of punishment and would have been the same under the new or the old drug statutes." That determination fails, however, to address the fundamental question

**2.** One of the cases cited in *Freeman, Hamil v. State,* 778 S.W.2d 247 (Mo.App.1989), was overruled by *Onken v. State,* 803 S.W.2d 139, 143 (Mo.App.1991). However, the case now before this court is unaffected by *Onken* for the reason that *Onken* and *Hamil* are homicide cases defined in chapter 565, RSMo 1986. The basis relied upon in *Onken* to overrule *Hamil* applies to offenses defined in chapter 565 but does not apply to offenses defined in chapter 195. *See* § 565.001.2, RSMo 1986.

presented. The question is whether appellant's pleas of guilty to the offenses charged in Counts I through VIII were voluntarily and knowingly given, not whether the sentences imposed were within the applicable range of punishment.

 The transcript of the guilty plea hearing sheds no light on whether the misinformation given appellant regarding the maximum punishments was a dominant factor relied upon by him in making the decision to plead guilty to the offenses charged in Counts I through VIII. The record on appeal—the documents that the motion court had before it—fails to "conclusively show that the [appellant] is entitled to no relief." Rule 24.035(g). It cannot be assumed that the misstatement of the maximum punishments for the offenses denominated as Counts I through VIII did not render the pleas of guilty as to those offenses involuntary. The record does not show that appellant had any knowledge about the range of punishment for the offenses charged in Counts I through VIII other than that stated during the course of the guilty plea hearing. It follows, therefore, that the record does not reflect whether appellant would have decided to forego pleading guilty and would have chosen to stand trial on the offenses charged in Counts I through VIII had he known the correct maximum punishment for those offenses. If, as is alleged by appellant, his trial counsel in the criminal case did not provide correct information as to the maximum penalties for the offenses set forth in Counts I through VIII, his counsel was ineffective. Under those circumstances, the representation would fall below any objective standard of reasonableness. An evidentiary hearing is required in order to determine if appellant knew the correct maximum punishment for the offenses in question at the time he pleaded guilty and, if appellant did not know the correct maximum punishment when he pleaded guilty, whether there is a reasonable probability that, but for counsel's failure to provide correct information as to the maximum punishment, appellant would not have pleaded guilty—whether he was prejudiced by his counsel's ineffectiveness.

The motion court's finding that appellant's Rule 24.035 motion should be dismissed without an evidentiary hearing is clearly erroneous. This case is reversed and remanded for evidentiary hearing.

FLANIGAN, C.J., and SHRUM, J., concur.