**Raymond GLASS, Appellant,**

v.

**Gerald HIGGINS, Appellee.**

**No. 91–2745.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 10, 1992.

Decided March 13, 1992.

Alfred A. Speer, II, St. Louis, Mo., for appellant.

Rudolph R. Rhodes, IV, Jefferson City, Mo., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and WOODS,* District Judge.

HENRY WOODS, District Judge.

Petitioner sought a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. Pursuant to the recommendation of the Magistrate Judge,[1] the district court[2] dismissed the habeas petition with prejudice. We affirm.

## I. FACTS

Two police officers observed petitioner near a car parked at the Arch on the St. Louis waterfront. His actions and a wire in his hand convinced the officers that he

---

\* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable David D. Noce, United States Magistrate, Eastern District of Missouri.

2. The Honorable Edward L. Filippine, United States District Court, Eastern District of Missouri.

had broken into the car or was in the process of doing so. He fled at their approach and jumped into his car. A chase ensued which ended in petitioner's apprehension and arrest. A body search revealed eighty-six dollars. His car contained two screwdrivers, a vise grip, gloves and a wire hanger with loops.

During the chase the officers observed petitioner throwing a suitcase from the car. Returning to this location, they found the suitcase which contained a valuable trumpet. On retracing the chase route, they also found a purse containing items that indicated Ms. Erby McCormick was the probable owner of the purse. Ms. McCormick was later identified as the owner of the car where the police first observed the petitioner. The suitcase, trumpet and purse belonged to her and had been stolen from her vehicle. The purse had contained eighty-six dollars, the exact amount found on petitioner's person when apprehended.

At the trial, an officer testified that the petitioner had a "reputation as a car clouter on the riverfront." The trial judge sustained an objection to the statement and admonished the jury to disregard it but declined to declare a mistrial. Petitioner was convicted of stealing over $150 and possessing burglary tools. He was given ten years in prison on the former charge as a persistent offender and two years on the latter offense.

The Missouri Court of Appeals reversed the burglary tool conviction because the evidence did not show that the seized tools were "designed or commonly used for forcible entry." *State v. Glass*, 702 S.W.2d 89 (Mo.App.1985). The conviction for stealing over $150.00 was affirmed. Petitioner filed a motion for postconviction relief, Missouri Supreme Court Rule 27.26, which was overruled after an evidentiary hearing and was not appealed. (Add. 4). He also filed a motion to recall the mandate of the Missouri Court of Appeals, which was summarily denied. (*Id.*). He is presently serving the sentence for the theft from Mrs. McCormick's car. He has filed two prior habeas petitions which were dismissed without prejudice for failure to exhaust state remedies.

In this appeal, the petitioner contends that (1) the district court should have appointed counsel, (2) a hearing was required, and (3) counsel was ineffective.

## II. APPOINTMENT OF COUNSEL

■ The court did not abuse its discretion in failing to appoint counsel for the petitioner. An examination of the *pro se* pleadings indicates that they are well drafted and artfully present the issues on which he relies. The issues can be completely reviewed on the bases of petitioner's pleadings and the state court record. The district court examined the state court record *de novo*, and the pertinent parts of the state court proceedings have been made a part of the record before this court. "We also hold that the district court did not abuse its discretion in denying appellant's motion for appointment of counsel. Appellant's allegations were properly resolved on the basis of the state court record." *Travis v. Lockhart*, 787 F.2d 409, 41 (8th Cir. 1986).

## III. FAILURE OF THE DISTRICT COURT TO HOLD AN EVIDENTIARY HEARING

■ Petitioner claims that he was entitled to an evidentiary hearing before the district court. We disagree. An evidentiary hearing was not necessary to review the claim that petitioner's counsel was ineffective. The district court had the state trial record before it. "A full evidentiary hearing need not be held if [appellant] received a full and fair hearing in state court ... and if the district court has independently reviewed the transcript of the state court proceedings." (Citations omitted). *Mitchell v. Wyrick*, 698 F.2d 940, 944 (8th Cir. 1983), *cert. denied*, 462 U.S. 1135, 103 S.Ct. 3120, 77 L.Ed.2d 1373 (1983). Both of these conditions were met. We find that petitioner received a full and fair hearing in state court. Proof of his guilt on the offense for which he is presently incarcerated was overwhelming. The district court carefully examined the trial record. Thus,

there was no necessity for an evidentiary hearing.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

■ In order to prevail on a claim of ineffective assistance of counsel under the U.S. Constitution, petitioner must establish that "counsel's conduct so undermined the proper functioning of the adversarial process that the [appeal procedure] cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that prejudice resulted from his attorney's dereliction of duty. *Id.*

■ We agree with the district court that petitioner has fallen far short of meeting the test of *Strickland v. Washington, supra.* We also agree that there was a lack of merit in petitioner's contentions that counsel should have argued on appeal to the Missouri Court of Appeals that the evidence did not support the conviction on the stealing charge and that a mistrial should have been granted because of the officer's testimony that petitioner was a reputed "car clouter."

It is significant that petitioner's appellate counsel was successful in securing a reversal of the burglary tools conviction. A contention that the stealing conviction was unsupported by the evidence would have been rejected out of hand. The recitation of the facts, *supra,* demonstrates how frivolous such an argument would have been. Counsel was wise in concentrating on the burglary tool conviction. "His decision not to raise an unwinnable issue ... in the Missouri Court of Appeals does not constitute trial ineffectiveness." *Horne v. Trickey,* 895 F.2d 497, 498 (8th Cir.1990).

■ Nor are we persuaded that counsel was ineffective for failure to pursue the mistrial issue on appeal. After the officer testified that petitioner had a reputation as a "car clouter," the trial judge sustained an objection and told the jury to disregard the testimony, but refused to declare a mis-

trial. This testimony may have been admissible under Missouri law. *See State v. Caffey,* 436 S.W.2d 1, 3 (Mo.1969). However, we do not reach that issue. The Missouri trial judge had wide discretion on the mistrial issue. He admonished the jury to disregard the testimony. The chance of securing a reversal on this issue was minimal, particularly in view of the overpowering evidence of defendant's guilt.

The judgment of the district court is affirmed.