**Robert TYUS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 67679.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1995.

Raymund Capelovitch, Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Traci J. Sanders, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

■ Robert Tyus appeals denial of his Rule 24.035 motion to vacate judgments and sentences without an evidentiary hearing.

He pled guilty to robbery first degree, kidnapping, and two counts of attempted stealing. The court sentenced him to a total of twenty years imprisonment.[1] We affirm.

We review in accord with Rule 24.035(j); *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992).

Tyus alleges his plea was involuntary because his trial counsel misled him into believing if he pled guilty, he would only serve one-third of his sentence, but if he went to trial and was convicted, he would serve a minimum of eighty-five percent of his sentence.

■ Tyus' allegations are refuted by the evidence preserved at the plea hearing. He was informed and understood the state's plea agreement and recommendation of twenty years. The prosecutor explained to him the range of punishment. Tyus was told of his options of pleading guilty or going to trial. He testified no one made any promises in order to get him to plead guilty. Moreover, "[t]he mere prediction or advice of counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary." *Spencer v. State*, 805 S.W.2d 677, 679 (Mo.App. 1990) (*citing State v. Maloney*, 434 S.W.2d 487–95 (Mo.1968)).

Significantly, Tyus did not allege facts which, if proven, demonstrate prejudice. He was charged with four serious offenses. The plea hearing reflects a detailed recital of the available evidence to support each charge. All the evidence and witnesses were immediately available to prove each of the four charges. The victim appeared at both the plea hearing and the sentencing hearing. Tyus acknowledged his participation in each of the criminal charges. He never alleged nor argued a viable defense to any of the charges. Further, he did not allege any facts to support a finding that a trial on all charges would produce a more favorable result than the plea agreement.

Additionally, we find this case is factually different than *Wiles v. State*, 812 S.W.2d 549 (Mo.App.1991) and *Perryman v. State*, 755 S.W.2d 598 (Mo.App.1988). In *Perryman*, the Western District of this court held a

---

1. The state did not charge him as a prior    offender.

misunderstanding about maximum punishment can render a guilty plea involuntary. *Perryman,* 755 S.W.2d at 602. In *Wiles,* the Southern District of this court held incorrect information about maximum penalties on charges to which defendant pled guilty could render counsel ineffective. *Wiles,* 812 S.W.2d at 552. An erroneous overstatement of a maximum penalty is inherently coercive as a misstatement of law. However, the statement attributed to defense counsel in this case, if proven at a hearing, is not inherently coercive or presumptively prejudicial because it was not a statement of law or a misstatement of law. Rather, it was no more, no less, than a prediction.

We affirm.

REINHARD, P.J., and CRANDALL, J., concur.