**STATE of Missouri ex rel. Ralph MARTIN, Relator,**

v.

**Honorable Robert W. BERREY, III, Respondent.**

**No. KCD 29641.**

Missouri Court of Appeals, Kansas City District.

Dec. 5, 1977.

Motion for Rehearing and/or Transfer Denied Dec. 27, 1977.

Ralph L. Martin, Pros. Atty. for Jackson County, by Robert Frager, Asst. Pros. Atty. for Jackson County, Kansas City, for relator.

Albert Copaken, Sylvia Copaken, Kansas City, for respondent.

Before SWOFFORD, C. J., and SHANGLER, PRITCHARD, DIXON, WASSERSTROM, SOMERVILLE and TURNAGE, JJ.

SHANGLER, Judge.

This proceeding in prohibition seeks to restrain the magistrate from dismissal of an information which charges the defendant with fraudulent use of a credit card for value over $100 in violation of § 561.415, RSMo 1969. The magistrate construed the statute to charge a misdemeanor and determined that dismissal by the State of an earlier proceeding against the defendant under the statute had already put him once in jeopardy for that charge, so that the defendant was not again subject to lawful prosecution for that offense. The magistrate announced intention to dismiss the subsequent information on that charge which pended before him, and on the application of the State our preliminary rule issued to enjoin that threatened action.

The premise of the magistrate that § 561.415 charges a misdemeanor is valid, but the further premise that the first proceeding brought against the defendant under § 561.415, and then dismissed, placed the defendant in jeopardy, is fallacious.

The procedures which brought the magistrate to his decision to dismiss are simply these: A complaint on the oath of officer Cleeton was filed and eventually lodged before Magistrate Davis in Jackson County. After the witnesses were sworn in, Magistrate Davis informed the prosecutor of his view that the *complaint* pleaded a misdemeanor and that he intended to try the case as an offense of that grade. The prosecutor, on the other hand, considered that the fraudulent use of credit card for goods in excess of $100 charged a felony under § 561.415, and so withdrew the complaint.

Another proceeding was then filed before Magistrate Berrey—our respondent—on an identical General Complaint form with the same substantive statutory allegation of offense against the defendant, but this time on the oath of one Carl Bussey, an assistant

prosecutor. Magistrate Berrey made the determination that the defendant had already been put once in jeopardy by the earlier dismissal of the complaint and so was not subject to further prosecution for that conduct.

It may be accepted, for argument, that jeopardy attaches at the time trial commences—that is, when the jury is empaneled and sworn or, in a trial to the court, when the witnesses are sworn. 22 C.J.S. Criminal Law § 241. That, of course, presupposes that a criminal action has commenced before a tribunal with competent jurisdiction over the subject matter. It is provided clearly by law that all felonies and misdemeanors shall be prosecuted by indictment or information [Rule 21.01] and that *prosecutions before a magistrate for misdemeanor shall be by information only.* [Rule 21.02]. It is provided also that an information shall be a plain, concise and definite written statement of the essential facts which constitute the offense charged, signed by the prosecutor. Rule 24.01(a).

 It is evident that the initial *complaint* signed by a police officer was not an *information* within these essential terms. An *information* means a prosecution instituted by an officer with the duty to prosecute criminal offenses; the oath of a private person confers no jurisdiction to adjudicate an offense. *State v. Thompson,* 81 Mo. 163 (1883). In the absence of formal accusation by information Magistrate Davis acquired no jurisdiction over the criminal prosecution against the defendant. *State v. Gladies,* 456 S.W.2d 23, 25[3–5] (Mo.1970). There was no risk of determination of guilt, and therefore, no jeopardy. *United States v. Lasater,* 535 F.2d 1041, 1047[5] (8th Cir. 1976).

██ It is equally evident that the subsequent proceeding before Magistrate Berrey, although on a form captioned *General Complaint,* was an information—a written accusation of offense subscribed by the oath of the prosecutor. Rule 24.01(a).

██ It is the contention of the State that where loss from the fraudulent use of credit card exceeds $100, the statute makes the offense a felony. The jurisdiction of the magistrate in a case of felony—so the argument continues—is limited to the preliminary inquiry on complaint whether there is probable cause that a felony was committed and that the defendant was the actor. Such a proceeding, we agree, is in no sense a trial, does not determine guilt or innocence, and so cannot give rise to principles of double jeopardy. *State v. Crouch,* 353 S.W.2d 597, 600[6] (Mo.1962); *State v. Thomas,* 529 S.W.2d 379, 382[2–5] (Mo.1975). We have concluded that § 561.415 charges a misdemeanor but for other reasons which appear—not an offense within the competency of a magistrate to adjudicate.

The terms of § 561.415 specifically declare that "[a]ny person, firm or corporation, [who defrauds another by the use of a charge account, credit card or other credit device] is guilty of a misdemeanor" and is punishable by fine not to exceed five hundred dollars or confinement in the county jail for not more than one year, or both. The statute then provides that where the value of the goods lost from the deception exceeds one hundred dollars the punishment shall be by fine or confinement in the county jail or by "imprisonment by the Department of Corrections for not more than five years". The relator argues that the statutes which define felony and misdemeanor conclusively determine the grade of offense according to the mete of punishment. Section 556.020 defines a *felony* to mean any offense punishable with death or imprisonment in the penitentiary and § 556.040 defines *misdemeanor* as any offense punishable by fine or imprisonment in the county jail. Thus, contends the State, misdemeanor designation notwithstanding, the provision of § 561.415 which affixes punishment in the penitentiary conclusively settles that the offense charged in the information is a felony.

The relator cites *State v. Daniels,* 487 S.W.2d 465 (Mo.1972) to support that position. There the defendant was charged with an attempt to obtain merchandise of more than $100 value by the fraudulent use

of a credit card. The defendant was found guilty and sentenced to a term of two years in the penitentiary. The court *sua sponte* questioned the validity of the punishment for an *attempted* violation of § 561.415. The court concluded [l.c. 487 S.W.2d 469]:

> Defendant was charged with and found guilty of an *attempt* to obtain merchandise of a value of more than $100. It is our view that any attempt, regardless of the value of the merchandise, is a misdemeanor under the statute. The more severe felony punishment is only applicable when the merchandise is actually obtained.

The relator takes hold of this literal language to prove the contention that to obtain goods of the value of more than $100 by fraud constitutes a felony under § 561.415. It is evident, however, that the terms *misdemeanor* and *felony* are used in the opinion merely to describe punishment and not to define the grade of offense. That opinion holds implicitly that where an offense is punishable—as is violation of § 561.415—by either confinement in the county jail or imprisonment in the penitentiary, the law of attempt [§ 556.150(4)] allows a punishment by confinement in the county jail only for not more than one year. That is to say [in the idiom of the opinion] as a misdemeanor. The decision does not deal with the question present here: rather, in the context of opinion, the allusion to "[t]he more severe felony punishment" refers to *punishment*—not grade of offense.

The question before us is authoritatively controlled by *State ex rel. Butler v. Foster,* 187 Mo. 590, 86 S.W. 245 (banc 1945). The issue in *Butler* was whether violation of the bribery statute [now § 557.090] was a felony and so within the jurisdiction of the circuit court, or a misdemeanor. That statute, as does § 561.415, designated the offense a misdemeanor but also provided for imprisonment in the penitentiary under certain circumstances. The decision rests on the principle that a Legislature, which alone can create an offense and define the punishment, also has the plenary power to fix the grade [l.c. 86 S.W. 250]:

> [W]here an offense is not designated by the statute which creates it either as a felony or misdemeanor, but its punishment is prescribed, then, by recourse to sections [556.020 and 556.040], the grade of such offense is determined by the punishment. If the punishment is such that the offender, if convicted, may be incarcerated in the penitentiary, it is a felony; if by imprisonment in the county jail, or by fine only, then it is a misdemeanor; but *when the Legislature itself names the offense, then there is no place for controversy; it is of whatever grade the Legislature provides.* It designated this offense a misdemeanor. It did not call it, or any part of it, a felony, nor leave it without a name and a grade.

Thus, the repugnancy between the general statutory definitions of felony and misdemeanor and § 561.415 which classifies a violation as a misdemeanor is apparent only.

Another determination—not noticed by the parties but implicit for decision—remains: whether a magistrate vested with misdemeanor jurisdiction may nevertheless punish by imprisonment in the penitentiary as § 561.415 allows. In *Butler,* the statute designated the offense a misdemeanor although punishable by imprisonment in the penitentiary, but the court of criminal correction vested with exclusive jurisdiction of misdemeanors in St. Louis city was restricted by statute [present § 479.100] to crimes punishable by fine or imprisonment in the county jail. In the face of this express limitation, *Butler* held [l.c. 86 S.W. 250] that the misdemeanor designation of offense notwithstanding, the circuit court alone was vested with jurisdiction in all crimes punishable by imprisonment in the penitentiary.

A similar anomaly appears here. The magistrate court has jurisdiction as conferred by law. Constitution of Missouri of 1945, Article 5, § 20. That tribunal possesses only those powers expressly granted by statute and may not resort to inferences to enlarge jurisdiction. *State v. Anderson,* 413 S.W.2d 161, 162[2, 3] (Mo.

1967). Section 543.010 confers on the magistrate a concurrent original jurisdiction with the circuit court in all cases of misdemeanor. Section 543.260 authorizes the magistrate after determination of guilt to fine or commit the defendant to the county jail for the term found in the judgment. Although this provision speaks in terms of limits of judgment rather than jurisdiction, the statutes which confine the authority of a magistrate to the trial of misdemeanors and define that grade of offense in terms of the judgment which may be imposed [§ 543.010 and § 556.040] determine one function in terms of the other. We apply the rule which confines the powers of a magistrate to those actually conferred to conclude that such a court is without jurisdiction to adjudicate a misdemeanor punishable by imprisonment in the penitentiary. That power rests solely in the circuit court which has both concurrent original jurisdiction in cases of misdemeanor as well as exclusive original jurisdiction to impose punishments as in cases of felony.

Two conclusions follow: First, the information before Magistrate Berrey charged a misdemeanor not subject to a plea of former jeopardy; therefore the threat by the court to dismiss the proceeding on that ground was without warrant in law. Second, the information charged a misdemeanor under § 561.415 punishable by imprisonment in the penitentiary and so was beyond the competence of the magistrate to adjudicate; therefor the court was otherwise without authority altogether to proceed on that formal accusation.

The question of remedy remains. Our preliminary rule in prohibition issued on a petition which besought us to enjoin the magistrate from the manifestly unlawful decision to dismiss the information because of former jeopardy. The relator here did not await the imminent dismissal and then attempt appeal but rather sought relief by extraordinary remedy. An appeal lies to the State from a dismissal of a criminal proceeding, but only on the terms prescribed by statute. Rule 28.04— which promulgates §§ 547.200 and 547.210 —provides that

The state shall be entitled to take an appeal in the following cases and in no others:

(a) when, prior to judgment, upon motion or upon the court's own view, it is adjudged that an indictment or information is insufficient . . . .

This procedure—which is strictly construed—confines appeal only to a dismissal for defect and insufficiency on the face of an indictment or information, and not because of matters dehors the record. *State v. Brooks*, 372 S.W.2d 83, 85[1] (Mo.1963); *State v. Clipper*, 142 Mo. 474, 44 S.W. 264 (1898). It is apparent that a plea of former jeopardy relates to matters beyond the record and so a dismissal on that ground does not give rise to an appeal by the State under Rule 28.04. This is not to say that the State must go without remedy altogether.

In circumstances closely analogous to those we consider, review by extraordinary remedy was allowed from a dismissal of an information where an appeal was not available to the State. *State ex rel. Corcoran v. Buder*, 428 S.W.2d 935 (Mo.App.1968), an information was dismissed on the due process ground that the defendant had not been given a speedy trial. In the proceeding brought in mandamus to reinstate the information the respondent contended that the remedy for the State, if at all, was by appeal. The court concluded, however, that the remedy by appeal was not only inadequate but altogether unavailable to the State because the dismissal was for matters not on the face of the information. The court by peremptory writ of mandamus directed the dismissal vacated and the information reinstated.

Our preliminary rule in prohibition issued because appeal is not available to the State from the dismissal of an information for an error beyond the face of the accusation. Appeals by the State in criminal cases are made exceptional because they tend to threaten the policy which sustains the double jeopardy principle. *Will v. United States*, 389 U.S. 90, 96, 88 S.Ct. 269, 19

L.Ed.2d 305 (1967). Our grant of extraordinary remedy to allow review to the State where appeal is unavailable—in these circumstances—does not menace the rationale which restricts appeal by the State. The defendant has not hitherto been put to trial before the trier of facts nor subjected to the risk of a determination of guilt. 4 Wharton on Criminal Procedure § 639 (1976).

■ Accordingly, our preliminary rule in prohibition which restrains the respondent Magistrate in cause No. C–15114, *State of Missouri v. Billy E. Mitchell,* from dismissal of the information on the ground of former jeopardy is made absolute and the respondent Magistrate is also absolutely prohibited from any further proceeding in the premises except to dismiss the information on the motion of the State.

All concur.