STATE of Missouri ex rel. George R. "Buzz" WESTFALL, Plaintiff,

v.

Honorable Robert Lee CAMPBELL, Judge, Circuit Court, St. Louis County, Missouri, Defendant.

No. 45421.

Missouri Court of Appeals, Eastern District, Division Three.

May 11, 1982.

Motion for Rehearing and/or Transfer Denied June 18, 1982.

Application to Transfer Denied Sept. 13, 1982.

George R. "Buzz" Westfall, Pros. Atty.,
John P. Lord, III, Asst. Pros. Atty., Clayton,
for plaintiff.

Stephen C. Moore, Clayton, for defendant.

REINHARD, Presiding Judge.

The state by the plaintiff, prosecuting attorney, seeks to make permanent our preliminary order in prohibition preventing the trial court from dismissing the charge of receiving stolen property against Edward Shigemura, the defendant below. The question which resolves this writ proceeding is whether an accused who receives several items of stolen property at one time and is prosecuted for receiving stolen property pursuant to § 570.080 RSMo.1978, by disposing of some of those items, can thereafter be prosecuted for receiving stolen property by retaining the remaining items. We answer in the negative and quash our preliminary order heretofore issued.

On September 23, 1980, a collection of rare coins was stolen from the Walter Christen residence. On November 19, 1980, the St. Louis County Police received information that Edward Shigemura would dispose of stolen coins early that afternoon at 6737 Clayton Road. Acting on that information, the police arrested Shigemura after he transferred coins to another individual at that time and place. The coins were determined to be a portion of those taken in the Christen burglary.

On December 1, 1980, additional coins from the Christen collection were discovered at Shigemura's residence.[1] The state conceded during oral argument that all of the coin collection came into the defendant's possession at the same time and not on separate occasions.

In September, 1981, Shigemura was charged by information with receiving sto-

---

1. The coins were discovered pursuant to a search warrant which was obtained based on information received after the defendant's arrest. The affidavit supporting the search warrant indicated that an informer had viewed the coins with Shigemura at the latter's home. Shigemura, in referring to his November 1 arrest, stated to the informer the police did not get "the good stuff" since it was left at home.

len property by disposing of rare coins on November 19, 1980, at 6737 Clayton Road. At his trial, besides evidence of Shigemura's disposal of the coins on November 19, the state also introduced evidence that coins from the Christen collection were discovered on December 1 at his residence. On October 31, 1981, defendant was convicted and sentenced to six years.

In January, 1982, an information in lieu of indictment was filed charging Shigemura with receiving stolen property by retaining rare coins on December 1, 1980, at his residence. Shigemura filed a motion to dismiss the information on the ground that his earlier conviction barred the second prosecution under the double jeopardy doctrine. The trial court stated that unless it was prohibited the motion to dismiss would be granted. The state then filed its petition for a writ of prohibition with this court.

■ Supreme Court Rule 30.02 provides that the state may only appeal a dismissal of an indictment or information because of a defect or insufficiency on the face thereof and not because of matters dehors the record. *State v. Brooks*, 372 S.W.2d 83, 85 (Mo.1963). A plea of former jeopardy relates to matters beyond the record and so a dismissal on that ground does not give rise to an appeal. *State ex rel. Martin v. Berrey*, 560 S.W.2d 54, 59 (Mo.App.1977); *State ex rel. Corcoran v. Buder*, 428 S.W.2d 935, 939 (Mo.App.1968). In an exercise of our discretion, we issued the preliminary order in prohibition because an appeal is not available to the state. *State ex rel. Martin v. Berrey*, 560 S.W.2d 54, 59 (Mo.App.1977).

■ We begin our analysis with the double jeopardy provision of the Missouri Constitution. Art. I, § 19 prohibits the state from placing a person "again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury." This provision only applies "where there has been an acquittal of the defendant by a jury." *Kansas City v. Henderson*, 468 S.W.2d 48, 52 (Mo.1971), *cert. denied*, 404 U.S. 1004, 92 S.Ct. 570, 30 L.Ed.2d 557 (1971). Here, defendant has been convicted by a jury, so the double jeopardy provision of our constitution does not apply.

■ Nonetheless, in *Benton v. Maryland*, 395 U.S. 784, 793–96, 89 S.Ct. 2056, 2061–62, 23 L.Ed.2d 707 (1969), the United States Supreme Court held that the double jeopardy clause of the Fifth Amendment to the United States Constitution does apply to the states through the Fourteenth Amendment. The Fifth Amendment provides: "[N]or shall any person be subject for the same offense to be twice put in double jeopardy of life or limb." This constitutional protection is composed of three distinct guarantees: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

We are here concerned with the guarantee against a second prosecution after conviction.

Prior to the enactment of the current statute proscribing the receipt of stolen property, § 570.080 RSMo. 1978, the predecessor statute, § 560.270 RSMo. 1969 provided, "[e]very person who shall buy, or in any way receive, with intent to defraud, any property that shall have been stolen from another, knowing the same to have been stolen," shall be punished in the same manner as for the stealing of the property.

Under this statute, the state had to prove: (1) the accused received the property in some way from another and not be the actual captor of the property; (2) the property was stolen property at the time of reception; (3) the accused had knowledge the property was stolen at the time of reception; and (4) the accused received the property with a fraudulent or criminal intention. *State v. Hayes*, 597 S.W.2d 242, 248 (Mo.App.1980); *State v. Montgomery*, 591 S.W.2d 412, 413 (Mo.App.1979). The interpretation given this statute by our courts required a two-party transaction. *State v. Davis*, 607 S.W.2d 149, 153 (Mo. banc 1981); *State v. Jackson*, 594 S.W.2d

377, 378 (Mo.App.1980). Shigemura would have committed only one offense of receiving stolen property under repealed § 560.-270.

The current statute, § 570.080 adopted as part of the comprehensive criminal code, effective January 1, 1979, now provides, "A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he *receives, retains or disposes* of property of another knowing that it has been stolen, or believing that it has been stolen."[2] (emphasis added).

The state argues that under the new statute two distinct crimes were committed. The first, on November 19, when for the purpose of depriving the owner of his lawful interest therein, the defendant disposed of a portion of the Christen coin collection, knowing or believing the property had been stolen. The second, on December 1, when for the purpose of depriving the owner of his lawful interest therein, the defendant retained the remaining portion of the coin collection knowing or believing it had been stolen.

Whereas under repealed § 560.270, the defendant could only have been convicted of receiving stolen property based on his initial reception of the property, it is clear under § 570.080 he can be convicted of receiving stolen property by disposing of a portion of stolen property, *State v. Sours,* 633 S.W.2d 255 (Mo.App.S.D.1982), or of receiving stolen property by retaining the other portion. The question is whether he may be convicted of both.

We have been unable to find any reported Missouri case which has dealt with this issue, nor has our research revealed any case in other jurisdictions with similar facts.

Under the double jeopardy doctrine, the state cannot split a single crime and prosecute it in separate parts; *State v. Toombs,* 326 Mo. 981, 34 S.W.2d 61, 64 (1930); *State v. Gordon,* 536 S.W.2d 811, 818 (Mo.App.1976); otherwise the state could prosecute a defendant as many times as there are parts into which an offense is susceptible of being divided. This means that a prosecution for any single part of a crime bars any further prosecution based upon the whole or another part of that crime. *State v. Toombs,* 34 S.W.2d at 64. Double jeopardy forbids the state from a piecemeal prosecution of an offense. *State v. Carter,* 535 S.W.2d 537, 538 (Mo.App. 1976).

We find it significant that the legislature retained the title of the statute, "Receiving stolen property" and proscribed the receiving, retaining, and disposing of stolen property in a single statute and not in three separate statutes titled, "Receiving stolen property"; "Retaining stolen property"; and "Disposing of stolen property."

In Missouri, "if a statute makes criminal the doing of ... several things disjunctively, there is but one offense, which may be committed in different ways;" *State v. Hartman,* 364 Mo. 1109, 273 S.W.2d 198, 203 (Mo.banc 1954); and *State v. Lundry,* 361 Mo. 156, 233 S.W.2d 734, 736 (1950). See, *State v. Hochmuth,* 256 Iowa 442, 127 N.W.2d 658, 659 (1964). Further, the official title of a statute is a portion thereof and must be considered in construing the meaning and purpose of the statute. *Bullington v. State,* 459 S.W.2d 334, 341 (Mo.1970); *State v. Windmiller,* 579 S.W.2d 730, 732 (Mo.App.1979).

We think the legislative intent in § 570.080 was to create the single crime of receiving stolen property which may be

---

2. This section is derived from the model penal code § 223.6 (Official Draft and Revised Comments, 1980). *State v. Sours,* 633 S.W.2d 255 (Mo.App.S.D.1982). Modifications in § 560.270 were necessary because "[c]onvictions for receiving stolen goods [were] difficult to obtain under" it. Comment to § 570.080. In the last ten years, many states have adopted statutes similar to this. *See,* Ark.Stat.Ann. § 41–2206; Colo.Rev.Stat. § 18 4 410(1); Conn.Gen.Stat. § 53a 119(8); Del.Code Ann. tit. 11, § 851; Ga.Code Ann. § 26 1806(a); Minn.Stat.Ann. § 609.53(1)(2); Utah Code Ann. § 76–6–408–1; and Wash.Rev.Code § 9A.56.140.1.

committed by the doing of any one of the several prohibited acts; receiving, retaining or disposing of property knowing or believing it to be stolen. The addition of the words, "retains" and "disposes" to the statute is consistent with this legislative intent to punish the receiving of stolen property because an accused cannot retain or dispose of stolen property without first receiving it.[3]

Where, as here, the admitted facts establish the defendant received the entire stolen coin collection at one time; later disposed of a portion of it and retained a portion of it, he committed but one offense in three different ways. It is one offense nonetheless.

The state has already prosecuted the defendant for one facet of the crime of receiving stolen property, any further prosecution of the defendant for another facet of the crime constitutes double jeopardy. *State v. Toombs*, 326 Mo. 981, 34 S.W.2d 61 (1930).

We acknowledge that significant changes in the crime of receiving stolen property have been made, nonetheless, we think that no legitimate purpose of the criminal laws would be served by the construction that the state favors. It is our opinion that under the facts and the circumstances of this case, defendant has committed but one offense, for which he is currently serving a six year term and that his motion to dismiss the information based on double jeopardy grounds should be granted.

Our preliminary order in prohibition is hereby quashed.

STEWART and CRIST, JJ., concur.

---

**3.** We do not mean that if an accused is charged with receiving stolen property by retaining or disposing of it, the state must prove as an element of the offense the manner in which he received it. This is not an element of the offense, under those circumstances. *See, State v. Sours*, 633 S.W.2d 255 (Mo.App.S.D.1982).