**STATE of Missouri, Plaintiff-Respondent,**

v.

**Bruce BATESEL, Defendant-Appellant.**

No. 14575.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 18, 1986.

Don M. Henry, Henry, Henry & Henry, West Plains, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged with receiving stolen property in that, with the purpose to deprive the owner thereof, he disposed of a motorcycle, valued at $150 or more, knowing or believing it had been stolen. A jury found him guilty. As a prior offender he was sentenced to imprisonment for two years.

The defendant does not question the sufficiency of the evidence. In essence, there was evidence to establish the following. The motorcycle in question was stolen. In some manner it came into the possession or under the control of the defendant. He knew it had been stolen. He sold it to Claude Davis for $300.

The evidence included the testimony of Sharon Aldridge. Among other things she stated that she, the defendant and Claude Davis were involved in two house burglaries. The defendant objected because that evidence went beyond the scope of the statute, apparently referring to § 570.080.2, RSMo 1978. The objection was sustained and the jury instructed to disregard that testimony.

Over the defendant's objection, Aldridge was then asked: "Once again, do you know of any items of stolen property that the defendant either received or disposed of within a year prior to the time of the disposal of this particular item of property?" She answered yes and explained that she, the defendant and Claude Davis disposed of air conditioners and small appliances stolen in the house burglaries.

By his first point the defendant contends the admission of that evidence was reversible error. He bases his point upon the following argument. Section 570.080.2(2) provides evidence "[t]hat he received other stolen property in another transaction within the year preceding the transaction charged; ..." is admissible. Section 570.010(11) states: "'Receiving' means acquiring possession, control or title or lending on the security of the property; ...." Therefore, he concludes evidence of "disposing" of other stolen property in another transaction within the year preceding the transaction charged is not admissible.

■ Obviously, the decisive question is whether § 570.080.2(2) uses the term "received stolen property" as defined in § 570.080.1 or uses the word "received" as defined in § 570.010(11). By the enactment of § 570.080 the legislature created "the single crime of receiving stolen property which may be committed by the doing of any one of the several prohibited acts; receiving, retaining or disposing of property knowing or believing it to be stolen." *State ex rel. Westfall v. Campbell*, 637 S.W.2d 94, 97–98 (Mo.App.1982). "[T]he official title of a statute is a portion thereof and must be considered in construing the meaning and purpose of the statute." Id. at 97. "In a nutshell, we hold the present Missouri statute makes the *act of disposing* of the stolen property the offense of receiving stolen property." *State v. Sours*, 633 S.W.2d 255, 258 (Mo.App.1982) (emphasis in original). There is no reason the act of acquiring other stolen property should be admissible and the act of disposing of other stolen property should not be admissible. It has been held the term "receiving stolen property" as used in § 570.080.3 refers to the offense as defined in § 570.080.1. *State v. Watson*, 715 S.W.2d 277 (Mo.App.1986). This court holds the term "received stolen property" as used in § 570.080.2(2) refers to any of the acts described in § 570.080.1. This opinion should not be construed to hold that § 570.080.2(2) by implication restricts the evidence admissible to establish the knowledge or belief of one charged with receiving stolen property. See *State v. Beck*, 673 S.W.2d 122 (Mo.App.

**520**

1984); *State v. Abbott*, 664 S.W.2d 537 (Mo.App.1983).

By his second point the defendant contends there was insufficient evidence to support a finding the motorcycle had a value of $150 or more when disposed of by the defendant. There was evidence Claude Davis took the motorcycle, disassembled, to one Collins, to be reassembled. Davis subsequently brought additional parts to Collins on several occasions. The motorcycle, disassembled, was recovered from the shop of Collins. The owner testified the value of the motorcycle when stolen was $1300. He valued the disassembled parts at $500, but could not identify each part as a component of his motorcycle. From this evidence the defendant concludes it was disassembled when it passed from the defendant to Davis and there was no evidence of how many parts were delivered or their value.

This argument does not consider all of the evidence. Aldridge testified the defendant told her he sold the motorcycle to Davis for $300. He testified Davis agreed to buy it from one Groves, who the defendant said was the actual thief, for $200. The motorcycle was then in a barn, in complete condition. The evidence was of the sale and delivery of "the motorcycle" not of parts. There was evidence to support a finding the defendant disposed of the motorcycle and it had a value of more than $150. Cf. *State v. Freeman*, 667 S.W.2d 443 (Mo.App.1984). The judgment is affirmed.

PREWITT, P.J., and FLANIGAN, J., concur.

HOGAN, J., not participating.