STATE of Missouri, Respondent,

v.

David URBAN, Appellant.

No. 72282.

Supreme Court of Missouri,
En Banc.

Sept. 11, 1990.

Rehearing Denied Oct. 16, 1990.

Donald L. Wolff, Clayton, William D. Rotts, Columbia, for appellant.

William L. Webster, Atty. Gen., John D. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Chief Justice.

The defendant was convicted of child abuse by means of photographing, in violation of § 568.060, RSMo 1986, reading as follows:

1. A person commits the crime of abuse of a child if he:

\* \* \* \* \* \*

(2) Photographs or films a child less than seventeen years old engaging in a prohibited sexual act or in the simulation of such an act or who causes or knowingly permits a child to engage in a prohibited sexual act or in the simulation of such an act for the purpose of photographing or filming the act.

2. As used in this section "prohibited sexual act" means any of the following, whether performed or engaged in either with any other person or alone: sexual or anal intercourse, masturbation, bestiality, sadism, masochism, fellatio, cunnilingus, any other sexual activity or nudity, if such nudity is to be depicted for the purpose of sexual stimulation or gratification of any individual who may view such depiction.

\* \* \* \* \* \*

He appeals, raising numerous points of error. The Missouri Court of Appeals, Western District, sitting en banc, reversed the conviction by a vote of 6 to 5. The case was transferred here by the certificate of a dissenting judge, asserting conflict with several cases. We take the entire case as on initial appeal and do not find it necessary to determine whether there is conflict. We conclude that the defendant's claim of double jeopardy is well taken and reverse on that issue alone. So concluding, we find only minimal discussion of the facts necessary.

The defendant is a professional photographer. The charges have to do with 33 color pictures, in two rolls, taken and developed at the same time, showing the defendant's wife and her grandson, aged 15 months, in various unclad poses. Although the defendant had the equipment for developing the pictures, the rolls were delivered to a commercial developing facility, which reported to the public authorities. The prints and negatives then came into possession of the police.

Trial commenced on a second amended information and was submitted on two counts against the defendant as follows (emphasis supplied):

COUNT I: In violation of Section 568.-060, RSMo, committed the Class C felony of abuse of a child, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that on or between the 1st day of April, 1986, and the 30th day of April, 1986, in the County of Boone, State of Missouri, the defendant, acting in concert with Patsy J. Urban, *photographed* ... a child less than seventeen years old, engaging in the simulation of a sexual act, to-wit; ... touching Patsy J. Urban's vaginal area, and

COUNT II: In violation of Section 573.-025, RSMo, committed the class B felony of promoting child pornography in the first degree, punishable upon conviction under Section 558.011.1(2) and 573.025.2, RSMo, in that on or between the 1st day of April, 1986, and the 30th day of April, 1986, in the County of Boone, State of Missouri, defendant, acting in concert with Patsy J. Urban, knowing its content and character, *photographed* child pornography consisting of ... touching the breasts of Patsy J. Urban, and all against the peace and dignity of the State.[1]

The jury found the defendant guilty under Count I, recommending a sentence of one year, and not guilty under Count II. The trial court granted a new trial on Count I. The trial judge did not file a formal opinion stating reasons for this latter ruling, but the substance of his conclusions can be gleaned from the colloquy reported in the transcript as follows (emphasis supplied):

MR. WOLFF [counsel for the defendants].

It seems to me that for the Court to grant the Motion for New Trial and to deny the Motion for Judgment of Acquittal would be irreconcilable. The issues in the case which make the count for which she (sic.) was convicted because it didn't state a crime would call for an acquittal more so than it would call for a Motion for New Trial. If the court agreed with the reasoning as to why the new trial should have been given, then that would have been the basis for a judgment of acquittal as opposed to a Motion for New Trial.

THE COURT

... I know what you're saying about judgment of acquittal. I hear what you're saying, but that's not the basis for the Court ruling what it did....

On Count I in the David Urban case and Counts I and II in the Patsy Urban case, I think it's possible for the prosecutor to charge correctly. Whether the prosecutor can charge correctly is another matter....

Which doesn't mean that the prosecutor may not be able to state all the

---

**1.** The statute reads in pertinent part as follows:

 1. A person commits the crime of promoting child pornography in the first degree if, knowing its content and character, he photo-

graphs, films, videotapes, produces, publishes or otherwise creates child pornography, or knowingly causes another to do so.

 \* \* \* \* \* \*

elements of the offense, I don't know. They should have that opportunity if they—I would put it this way, *if there is not an Amended Information filed, a Motion to Dismiss would be well taken at that point.*

\*　\*　\*　\*　\*　\*

... My whole point in this case, Mr. Wolff, to put it very simply to you is I do not believe that the use of the information charged the way it did in the instructions is a valid way of submitting the case. I permitted the case to go to the jury. I always have the opportunity to correct what I think is a mis-submission of the case.

... *Up to this point I've assumed the State would correct the Information and that he would not stand with what I call a roving commission using the charge "sexual activity."* I think they have to get within the meaning of the statute.... I'm going to give them the opportunity because *I'm very mindful of the fact that the state will have the right to appeal once I do dismiss this case* and I intend for it to be in a posture that when it goes up in their appealing the dismissal there be a clean record. *I'm going to give them every opportunity in the world to get the Information in the correct form. If they can't do it, then I'm going to dismiss the case.*

The court then sustained the motion for new trial on Count I and granted the prosecution five days to file an amended information. The operative portion of the "third amended information" then filed charges that the defendant violated § 568.060, RSMo 1986, by:

acting in concert with Patsy J. Urban, *knowingly photographed* ..., a child less than seventeen years old, engaging in nudity depicted for the purpose of sexual stimulation or gratification of any individual who may view such depiction. (Emphasis supplied).

The defendant was afforded a preliminary hearing on this third amended information.[2] Trial proceeded before a different judge, without a jury. The parties agreed to submission on the evidence taken at the first trial. The defendant was found guilty and sentenced to three years' imprisonment.

 The defendant claims that the continued prosecution is barred under the double jeopardy clauses of the federal and state constitutions. Our state constitutional provision (Article I, Section 19) is more limited than the federal and could apply only to Count II, as to which the defendant was acquitted. We conclude, however, that the federal constitutional claim has merit, particularly in the light of the recent decision in *Grady v. Corbin*, —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

In *Grady*, following an automobile accident, the driver was charged with reckless driving and driving while intoxicated. Before he was brought to court on the charges, the victim died. The defendant then pleaded guilty to the pending charges and paid a fine. The New York Court of Appeals held that he could not be prosecuted for manslaughter and the Supreme Court of the United States affirmed, holding that he could not be again tried on charges arising out of the identical conduct that had been the subject of the guilty pleas. The court pointed out that the state intended to prove the very same conduct charged in the proceedings in which the guilty pleas were entered, the driver's recklessness and intoxication, to support the manslaughter charge. That holding clearly applies to the case before us, in which the record of the first trial was used in the second and the state introduced no additional evidence. The defendant was charged in both trials on account of the same conduct, this being the taking of the photographs.

 We of course recognize the rule that a defendant who is found guilty and asks for a new trial cannot plead double jeopardy when tried again. Although a motion for new trial was filed, and the trial judge purported to sustain it, it is clear that the judge was of the opinion either

---

2. The third amended information was later modified, in immaterial respects, by affidavit.

that Count I did not state an offense,[3] or that the evidence did not support the charges made. Otherwise there would be no basis for dismissal, which he said would follow if the information were not amended.[4] Clearly the court was not willing to permit a new trial on the information as it then stood.

Being of the views he indicated, the judge should have terminated the first proceeding either by dismissing the remaining count or by entering judgment of acquittal. If the information did not state an offense, the court had no jurisdiction to proceed.[5] If the evidence was not sufficient to support the verdict, then the defendant was entitled to judgment of acquittal, and the state was not entitled to proceed with a new trial.[6] The trial court's ruling effectively terminated the first trial. Rule 23.08 permits amendment of an information only before verdict. The state, as the trial court recognized, could have appealed.[7] Its failure to do so, and its election to file a further amended information, operated as an abandonment of Count I of the initial proceedings.[8] This Count I, then, must be treated as though it had never been filed.

The dissent argues loudly and at length that Count I was properly charged and supported by the evidence, so that dismissal by the court would be improper. We do not need to decide this question, and do not decide it. Instead of abiding the dismissal and appealing, the prosecution filed a new information setting forth different charges, thereby abandoning Count I. There was,

then, no effective charge to support a new trial.

The allegations of the third amended information, even though laid under the same statute, constitute a substantial departure from the charges in the first trial. The substance of the third amended information could have been included in the initial charges, because it involved different statutory violations arising out of the same conduct. *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Under *Grady v. Corbin,* the charges of the third amended information could not be the basis for an additional prosecution, once the initial prosecution for the same conduct terminated. Treated as a new proceeding, as it must be, the second trial is barred by principles of double jeopardy, inasmuch as the first trial resulted in a verdict and final judgment was entered on one count of that verdict. It makes no difference whether the first trial resulted in a conviction, as in *Grady,* or, as here, in an acquittal. Under *Grady* the state may not prosecute the defendant seriatim for the same conduct by employing different statutory alternatives.

The dissent is predicated on the mistaken assumption that a judge in a criminal case has the same authority that a judge in a civil case has—to vacate a judgment and permit the filing of an amended pleading after trial. The trial judge apparently took the same erroneous view. This procedure is not known to Missouri criminal procedure. By filing the amended information the state abandoned the existing prosecu-

---

**3.** The sufficiency of the information was challenged by motion before trial, at the close of the plaintiff's case, and at the close of all the evidence.

**4.** The dissent suggests that we intimate that the evidence was insufficient. We have no occasion to express an opinion on this point. We do observe that the trial court thought that there should be a dismissal. The only grounds we can fathom for such a ruling would be insufficiency of the information or insufficiency of the evidence.

**5.** *State v. Harrison,* 276 S.W.2d 222 (Mo.1955); *State v. Gladies,* 456 S.W.2d 23 (Mo.1970). *State v. Gilmore,* 650 S.W.2d 627 (Mo. banc 1983),

appeal after remand 697 S.W.2d 172 (Mo. banc 1985); *cert. denied* 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986).

**6.** *Burks v. U.S.,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). Mo.R.Ct. 27.07.

**7.** §§ 547.200, 547.210, RSMo 1986.

**8.** Rule 29.14, dealing with proceedings following the arresting or setting aside of a judgment, clearly demonstrates that a new prosecution is necessary. The rule deals with the circumstances in which the defendant may be further detained.

tion and commenced a new one. This was quite in order, so long as the bar of double jeopardy could be overcome.

We are not called upon to, and do not, express an opinion as to what the situation would be if a defendant had been found guilty on one or more counts of an information, without any acquittal, and all convictions had been set aside because of insufficiency of the information. There it could be argued that vacation of the conviction or convictions on the defendant's motion did not subject the defendant to such jeopardy as to preclude further trial on amended charges. *Cf. Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977). Nor would our holding apply to a case in which there had been an acquittal of one count and conviction on another properly joined count that was then set aside for trial error, with a new trial being held on the same charge. In that situation the state should be entitled to proceed to judgment on each count properly stated and joined. Here it is patent that the defendant was in jeopardy of the charges in Count II. Because that count and the present charges depend on identical conduct, *Grady v. Corbin* applies to prevent the processing of an additional charge.

We believe that the second prosecution also runs afoul of the holding of *State ex rel. Westfall v. Campbell*, 637 S.W.2d 94 (Mo.App.1982), which we approve. There the court quoted several cases for the proposition that

> if a statute makes criminal the doing of ... several things disjunctively, there is but one offense, which may be committed in different ways....

*Id.* at 97. It also held that

> under the double jeopardy doctrine, the state cannot split a single crime and prosecute it in separate parts; ... otherwise the state could prosecute the defendant as many times as there are parts into which an offense is susceptible of being divided.

*Id.*

There the defendant had received a stolen collection of rare coins. He was tried and convicted of transferring a portion of the coins. He was then discovered to be in possession of the balance of the collection, and was charged with receiving stolen property by retaining the remaining coins. The state conceded that he had received all of the coins at the same time. The trial court dismissed the second proceeding on double jeopardy grounds and the court of appeals refused to disturb the ruling. The case is manifestly like the one before us, in which the state has presented multiple charges, in different proceedings, all based on photographs taken and developed together.

The question before us is not whether the state may impose cumulative punishments. *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), teaches that the legislature may prescribe cumulative punishments for different aspects of the same conduct, if it so intends. That case involved a single trial on several counts of a single information. Different considerations are involved when the state tries to prosecute the same conduct in separate trials. In addition to *Campbell* and *Grady*, see *State ex rel. Bulloch v. Seier*, 771 S.W.2d 71 (Mo. banc 1989).

The state cites *State v. Bolen*, 731 S.W.2d 453 (Mo.App.1987), which held that a defendant could be charged in the same trial with sodomy and attempted sodomy, so that a conviction of the latter offense could stand even though there had been an acquittal of the sodomy charge. The case is distinguishable because it involved a single trial rather than successive trials.

Our holding is dispositive of the case, and so we do not need to consider the numerous additional points raised by able counsel. Suffice it to say that the state would face numerous additional hurdles. We of course refrain from considering constitutional challenges to statutes when other points suffice for decision. That is the situation here. Nor is there any need to consider the sufficiency of the evidence to support conviction, which is the turning point of the court of appeals opinion.

The judgment of conviction is reversed and the case is remanded with directions to enter judgment of acquittal.

ROBERTSON, HIGGINS and COVINGTON, JJ., and SEILER, Senior Judge, concur.

RENDLEN, J., dissents in separate opinion filed.

HOLSTEIN, J., dissents and concurs in separate dissenting opinion of RENDLEN, J.

BILLINGS, J., not sitting.

RENDLEN, Judge, dissenting.

I respectfully dissent.

The majority erroneously treats Urban's conviction as though barred by the double jeopardy provision of the United States Constitution and, in so doing, reverses the trial court's judgment and orders defendant acquitted.

This case involves a defendant who, in concert with his wife, arranged a disgusting photographic session, displaying an infant child, while nude, engaged in various offensive poses and repugnant activities with a nude adult woman. The 33 photographs and the testimony tell the story with deplorable clarity that the infant child was directed and posed by the adults who employed a variety of props to accomplish their aims, including marshmallows, a rubber ball and a small dog. Defendant photographed these graphic tableaus, contrary to the criminal statutes of our state, which included two particularly egregious acts for which he was charged and tried before a jury in April, 1987. The charges tried to the jury were in two counts.

### COUNT I—"ABUSE OF CHILD"

Section 568.060, RSMo 1986, proscribes filming a child less than seventeen years of age engaging in prohibited sexual activities or the simulation of such an act for the purpose of photographing the act. The specific allegations of the information were:

> ... the defendant, acting in concert with Patsy J. Urban, photographed A.G., a child less than seventeen years old, engaging in the simulation of a sexual act,

to-wit: A.G. *touching Patsy J. Urban's vaginal area,* ...

(Emphasis added.)

That charge was submitted to the jury by instruction in the format of M.A.I.—CR 2d 22.12.2, which in pertinent part provided:

> If you find ... the defendant photographed A.G. engaging in the simulation of the sexual act of *touching Patsy J. Urban's vaginal area;* and
>
> Second, that A.G. was then less than seventeen years old, then you will find the defendant guilty under Count I of abuse of a child. (Emphasis added.)

The jury found defendant guilty and the record reveals abundant evidence supportive of the verdict. The majority, by down playing the record, insinuates the evidence perhaps did not support submission of the case and, in so doing, casually refers to the situation as photographs "showing the defendant's wife and grandson, aged 15 months, in various unclad poses." This skillful understatement would be of little moment were it not followed by the assertion that the trial judge, when sustaining the motion for new trial as to Count I, "was of the opinion either that Count I did not state an offense or *that the evidence did not support the charges."* (Emphasis supplied.) Opinion, pages 601–602.

With the purpose of hopefully avoiding the necessity of attaching 33 vivid colored *photographs introduced in evidence,* suffice it to say that no reasonable person could suggest these photographs are other than disgusting exhibitions of a woman with an infant manifesting a studied intention of the woman and the photographer to infringe the rights of this small child. Further, I challenge the majority to dispute the fact that one of the photos served as the precise basis and proof of the charge of photographing a child "engaging in the simulation of the sexual act of touching Patsy Urban's vaginal area." This was the specific proof of the key element of the charge under Count I. The offending photograph graphically depicts Patsy Urban with legs spread, her private part displayed to the camera and laughing (or at least mouth agape) as the child enacts this sad

performance. This and the other photos are piously characterized by defendant as the grandmother and grandson "engaged in playful activity before the child's afternoon bath." If there was a "bath," the photos of that scene are not of record; it exceeds the bounds of credulity to suggest that defendant's preposterous excuse be deemed plausible. The evidence supports the allegation of the information's first count and its submission under the referenced instruction.

The majority states that the trial judge when he "purported to sustain" the motion for new trial "was of the opinion either that Count I did not state an offense or that the evidence did not support the charges made.... If the evidence was not sufficient to support the verdict then the defendant was entitled to judgment of acquittal and the state was not entitled to proceed with a new trial," citing *Burks v. U.S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The majority misses the mark by a substantial margin when it suggests the possible application of the holding in *Burks v. U.S.*, for indeed, the charge was specific, the proof precise, and the verdict of guilt on Count I fully justified by the record.

The trial court's comments made when granting a new trial on Count I expressed concern centered on the *instructions* and the allegations of the *information*. He perceived what he characterized as a "roving commission" and though his somewhat rambling comments [1] at the time he set aside the verdict are less than models of clarity, the fact remains that he set aside the conviction, granted a new trial and allowed the state five days to replead. It is apparent the uncertainty he expressed was not shared by the jury. More important, the sufficiency of the information and the efficacy of instructions under Count I are questions of law. I submit they were proper in form and content, and the majority does not seem inclined to dispute this conclusion. Most certainly, on the retrial of the issues raised in the amended informa-

tion, the photograph of the nude child touching the vaginal area was not barred by double jeopardy doctrine. The state was given five days to refile an information; this was done and the newly amended information charged:

> the defendant, David L. Urban, acting in concert with Patsy J. Urban: In violation of Section 568.060, RSMo, committed the Class C Felony of Abuse of a Child, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that on or between the 1st day of April, 1986, and the 30th day of April, 1986, in the County of Boone, State of Missouri, the defendant, acting in concert with Patsy J. Urban, knowingly photographed [A.G.], a child less than seventeen years old, *engaging in nudity* depicted for the purpose of sexual stimulation or gratification of any individual who may view such depiction; and all against the peace and dignity of the State. (Emphasis added.)

Having waived a jury, defendant was tried this time by the court, and again found guilty under the allegations of the amended information.

### COUNT II—"PROMOTING CHILD PORNOGRAPHY"

The second charge submitted to the jury under Count II of the information in April, 1987, fell under a different statutory section which prohibits "Promoting Child Pornography." Under Section 573.025, RSMo 1986, a person commits the crime of promotion of child pornography if he knowingly photographs child pornography, and here the information charged:

> ... the defendant, acting in concert with Patsy J. Urban, knowing its content and character, photographed child pornography consisting of [A.G.] *touching the breasts of* Patsy J. Urban, and all against the peace and dignity of the State. (Emphasis added.)

1. Among his comments, the trial court remarked: "I do not believe that the use of the information charged the way it did in the *instructions* is a valid way of submitting the case. I permitted the case to go to the jury. I always have the opportunity to correct what I think is a mis-submission of the case. That's what I'm doing." (Emphasis supplied.)

That specific charge was submitted to the jury by the appropriate instruction which in pertinent part provided:

... the defendant photographed certain material consisting of [A.G.] *touching the breasts of Patsy J. Urban,* and

Second, that such material depicted sexual contact, and, ... (Emphasis added.)

Here, too, the record discloses more than ample evidence supporting this count's submission. There were 19 explicit photographs depicting the key element of the charge of "touching the breasts" in a variety of unseemly poses. As aptly noted by the dissent of Judge Lowenstein, who disagreed with the reversal of the conviction by the 6–5 margin in the Court of Appeals, Western District, when commenting on the facts of the case under the applicable statute: "I cannot imagine the legislature intended to allow or condone naked infants to be photographed munching sweets off their naked grandmother's nipples. The judgment should be affirmed." Nevertheless, the jury acquitted the defendant on this charge and it may not be retried.

The acquittal terminated the charge under § 573.025 (Count II), but as noted above, the amended information was filed within five days from the order granting the new trial on Count I. The amended information was brought under the same statutory section as that of Count I though the operative feature of the offense was nudity, vis-a-vis touching the vaginal area in the original information. Defendant was convicted in the ensuing trial on April 14, 1988, and from that conviction, he appealed.

The majority mistakenly relies on *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), for the proposition that the new trial was barred by double jeopardy doctrine. In that case, Corbin, following involvement in an auto accident, was charged in case # 1 with "driving while intoxicated." He was separately charged in case # 2 with "failing to keep to

the right" of the median. Defendant pled guilty to both misdemeanor charges. Thereafter, the state by indictment charged Corbin with assault and reckless manslaughter in which the gravamen of the charges were (1) driving while intoxicated (the same as case # 1); (2) failing to keep to the right of the median (the same as case # 2); and (3) driving too fast.

The majority of the court made clear that the indictment for matters arising from the auto accident was not per se prohibited by double jeopardy considerations, but instead only that conduct for which defendant had been put in jeopardy, i.e., (1) *intoxicated* driving, and (2) failing to keep to the *right,* and that evidence of this conduct was impermissible. However, as to the new charge of driving too *fast,* the holding of *Corbin* would not bar a subsequent prosecution on that ground. As stated by Justice Brennan, author of the 5–4 majority opinion, the *Corbin* holding would not stand in the way of a later prosecution on the new charges of homicide and assault if the evidence as to the (1) *intoxication* and (2) not keeping to the *right* was not relied on by the state; however, evidence of (3) driving too *fast* may be adduced and could serve as the evidentiary base for the new trial. This is clearly enunciated by the majority at 110 S.Ct. at 2087:

This holding would *not bar* a *subsequent prosecution* on the homicide and assault charges if the bill of particulars revealed that the State would not rely on proving the conduct for which Corbin had already been convicted (i.e., if the State relied solely on Corbin's *driving too fast* in heavy rain to establish recklessness or negligence). (Emphasis added.)

In the case *sub judice,* we have two original charges under separate statutes each with discrete proof of its identifiable act of misconduct. Examining this evidence, it should be reiterated that proof of Count I (touching of the vaginal area) is found in photograph # 1.[2] This was properly admit-

---

2. For ease of understanding, the 33 objectionable photographs in the counts to which they relate are as follows:

Count I
 Photograph # 1 [Exhibit 10-0]

ted in the first trial resulting in defendant's conviction from which the new trial was ordered. No possible objection based on double jeopardy considerations could exclude it in the new (second) trial and this offensive photo shows Patsy Urban and A.G. *nude* in the manner described and accordingly was material to the issues in the amended information.

As to Count II (touching the breasts), nineteen photographs (# 2 through # 20) were admitted in the first trial depicting this specifically charged act of misconduct. Defendant's acquittal on this count would seem to serve as a basis for objection to and refusal of photos # 2 through # 20 in a subsequent trial.[3]

The amended information charging as its essential act of misconduct the photographing of the child "engaging in nudity" is depicted in photographs # 21 through # 33. These 13 separate photos are evidence of "nudity" and solidly analogous to the evidence of "speed" in *Corbin*. As in *Corbin* where the prior conviction of (1) intoxicated driving and (2) not keeping to the right excluded evidence of those acts, exhibits # 1 and # 21 through # 33 are not barred by double jeopardy considerations. If the trial court erred in allowing # 2 through # 20, this is an evidentiary error and its prejudicial effect should be weighed. Keeping in mind the case was court tried, if the admission of # 2–# 20 is deemed erroneous and prejudicial, the cause should be remanded for consideration of the other evidence, sans # 2 through # 20 or, at the most, reversed and remanded for a new

trial with directions to exclude # 2 through # 20 in any subsequent proceeding.

Count II
 Photographs ## 2–20 [Exhibit 10 D–G, 10 I–L, 10 N, 10 Q, 10 S, 12 N–U]

Amended Information
 Photographs ##1 + 21–33 [Exhibit 10–0, 10 A–B, 10 H, 10 M, 10 O–V, 10 X, 12 L–M, 12 V–X]

**3.** Arguably, the evidence of photos # 2–# 20 could be admitted in the second trial charging photographing of the child nudity depicted for the purpose of sexual stimulation or gratification because photos # 2–# 20 taken serially over a space of time display vulgar nudity and would

be relevant to that fact issue as well as the issue of defendant's "knowing" what he was photographing and the "purpose" and intent for so doing. Under *Louis Steinbaum Real Estate Co. v. Maltz*, 247 S.W.2d 652 (Mo.1952), evidence admissible for one purpose is not necessarily excluded because it is inadmissible for another purpose. *Id.* 656.

Similarly, evidence of "other crimes" though typically inadmissible may be shown in a proper case to demonstrate motive, intent or the common scheme exceptions. *State v. Kornegger*, 255 S.W.2d 765, 768 (Mo.1953) (Court noting this exception is frequently recognized for "crimes involving sexual relations such as adultery, incest, sodomy, seduction, rape and lewdness.").